8536

CLEVELAND AND WILLIAMS v. BUTLER.

1. PLEADINGS — CONTRACT — QUANTUM MERUIT. — Where a complaint states a cause of action on a *quantum meruit* and on an express contract, and during trial the plaintiff abandons the cause of action on the express contract, he may proceed on the *quantum meruit*, and this virtually strikes out the allegations as to the express contract.

2. IBID.—IBID.—IBID.—WAIVER.—Where defendant after such abandonment goes on with the trial without making motion to dismiss the complaint for not stating a cause of action, he thereby waives the right to make the point on motion for nonsuit.

3. A BROKER who has been the efficient or procuring cause of a sale consummated by his principal, is entitled to his commissions.

Before MEMMINGER, J., Greenville, March term, 1912. Affirmed.

Action by Cleveland & Williams against P. S. Butler. Defendant appeals.

*Messrs. McCullough, Martin & Blythe,* for appellant, cite: *After plaintiff has abandoned the cause of action on an express contract there was left no allegation on which recovery could be had:* 9 Cyc. 748, 749, 750; 3 Hill 223; 48 S. C. 298; 84 S. C. 73; 87 S. C. 250; 87 S. C. 84.

*Mr. J. R. Martin,* contra, cites: *A quantum meruit cause of action is alleged:* 21 S. C. 599; 70 S. C. 178, 377; 74 S. C. 222.

April 30, 1913.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The plaintiffs, real estate brokers. recovered a judgment against the defendant for services performed in effecting for him an exchange of certain lots in the suburbs of the city of Greenville, known as "Donwood," for a peach farm in Georgia.  There are a number

of exceptions, but the appeal turns on two positions taken by defendant's counsel: First, that the complaint states a cause of action on an express contract exclusively, and that the plaintiff having, in the course of the trial, announced his abandonment of that cause of action, he could not recover on a *quantum meruit*. Second, that there was no testimony supporting any cause of action either on an express contract or a *quantum meruit*.

The general rule is well established that a suit on an express contract does not admit of recovery on a *quantum meruit*. *King* v. *Western Union Telegraph Company*, 84 S. C. 73, 65 S. E. 944. But the rule is not applicable to this case. After alleging the agreement by defendant to pay $500.00 for the services, and the performance of the services by the plaintiff, the complaint concluded: "Defendant, P. S. Butler, assisted and aided by plaintiff as aforesaid, exchanged the above named 'Donwood' property with the said parties for the Georgia lands, and plaintiff, in compliance with said contract and as a reward for its services, became entitled to its commission of five hundred ($500.00) dollars.

"That demand has been made upon the defendant herein for the five hundred ($500.00) dollars for its services rendered as aforesaid, but the defendant has refused and still refuses to pay said $500.00 or any amount thereof, and the same is justly due and owing to plaintiff, the services rendered being reasonably worth the commission agreed upon and claimed."

The circumstances of the abandonment of the cause of action on the express contract is shown by the following extract from the record:

"How long had you worked on this deal?

Objected to by Mr. Blythe: "This is a suit upon a specific contract, alleging that the contract was to do a certain thing for a certain amount of money, and the question is, has the contract been complied with?

Court: "That wouldn't be relevant on the contract. You have to stand or fall by one or the other. If you want to stand on the contract, you can't introduce testimony as to the value of the work. If you abandon the contract, then you can introduce that testimony. We had the same case up at Walhalla last week about trying to get in on both grounds.

By Mr. Martin: "May it please the Court, we will stand on the *quantum meruit* proceeding and abandon the contract. If it is the ruling of the Court, we will sue on the *quantum meruit*.

. "You can state that now.

By Mr. Blythe: "I want to add another objection on the ground that there is no evidence that Mr. Williams has ever rendered a service in the sale or exchange of the property.

The Court: "That is for the jury to determine, I should think.

"Well, I started working the first of November and the deal was closed up along towards the twentieth of December."

Examination of the complaint will show that if all the allegations as to the agreement of the defendant to pay a commission of $500.00 be struck out, it would contain a perfectly good statement of a cause of action on the *quantum meruit*. Construing the complaint liberally, as we must, it thus appears that when the plaintiff abandoned and thus, in effect, struck out all the allegations as to the express contract, he still had before the Court a complaint stating a cause of action for the reasonable value of his services to the defendant.

But if we leave this reasoning out of view and look at the matter from another standpoint, the unsoundness of appellant's position will be apparent. When plaintiff's counsel announced the abandonment of the cause of action on an express contract, the defendant's counsel should have moved to dismiss the complaint, as hav-

ing left in it no cause of action. Instead of doing that, counsel made no objection to the trial of the issue of *quantum meruit,* and no objection to the testimony offered on that issue until he moved for a nonsuit at the close of plaintiff's testimony. That issue was tendered him in open Court, and he accepted it by his failure to object and by his acquiescent participation in the trial of that issue. This course indicated a waiver of the objection that the complaint stated no cause of action on the *quantum meruit.*

The first position cannot be sustained, therefore, for two reasons: First, because after the allegations of the complaint as to the express contract had been struck out by the abandonment of that cause of action without objection, there was left in the complaint a good statement of a cause of action on the *quantum meruit;* and second, because, even if this had not been so, the defendant waived the point by proceeding with the trial of the issue of the *quantum meruit* without objection.

As to the second point, no analysis is necessary to show that there was evidence tending to establish the right of the plaintiff to recover under the settled rule thus stated by the Court in *Goldsmith* v. *Coxe*, 80 S. C. 341, 61 S. E. 555. "But the rule of reason, which seems to be supported by practically all the authorities on the subject, is that the broker is entitled to his commissions, if, during the continuance of his agency, he is the efficient or procuring cause of the sale, though the actual agreement for the sale is made by the owner without the aid of the broker; and the broker will be regarded the procuring cause if his intervention is the foundation upon which the negotiations resulting in the sale is begun."

Affirmed.