22228

UNITED FARM AGENCY, Respondent, v. Robert MALANUK and Mary M. Malanuk, Appellants.

(325 S. E. (2d) 544)

Supreme Court

*Charles L. Henshaw, Jr.*, Columbia, *for appellants.*

*Ray L. Derrick*, Columbia, *for respondent.*

Heard Jan. 8, 1985.

Decided Jan. 30, 1985.

HARWELL, Justice:

This is an action for a real estate commission on the sale of a house. The parties waived a jury trial, and the trial court awarded the respondent broker a commission of $5,250 plus costs. We affirm as modified.

 In an action at law tried by the judge without a jury, his factual findings have the same force as a jury verdict and are conclusive on appeal unless found to be without evidentiary support or controlled by an error of law. *Snell v. Parlette*, 273 S. C. 317, 256 S. E. (2d) 410 (1979).

The appellants Robert and Mary Malanuk put their home on the market and posted a "For Sale by Owner" sign on the property. Mr. Owen Watts, a broker for respondent United Farm Agency, was attempting to locate a house for Mrs. Julia Poe to purchase after she sold her mobile home park. Another broker told him about the Malanuk home. He contacted Dr. Malanuk and asked for permission to show the home to Mrs. Poe. Watts testified that he told the appellant that he charged a 7% commission on the sale of residential property. The appellant never specifically agreed to pay the 7% commission, but he gave the house key to Watts and allowed him to show the house to Mrs. Poe at the requested price of $75,000. The doctor's version of the agreement was that he agreed to pay the broker a $500 commission but only if the house sold within 30 days. Watts testified that Mrs. Poe was

delighted with the house and that she gave him a $500 check to hold the property. Watts informed Dr. Malanuk of the $500 check and of Mrs. Poe's interest in purchasing the house. He mailed Malanuk a Property Presentation Notice stating that Mrs. Poe had been shown the property and that the commission obligation continued.

A day or two later, Mrs. Poe informed Watts that she would not sell the mobile home park or buy the house. He returned the $500 check to her. Shortly thereafter, Mrs. Poe purchased the home directly from the Malanuks for $70,000. The Malanuks paid the respondent no commission, and United Farm initiated this action.

A broker has generally earned his commission when he acts during his agency as the efficient or procuring cause of a sale, though the actual sales contract is made by the owner without the broker's aid. The broker is the procuring cause if his intervention is the foundation upon which the negotiations are begun. *Cleveland and Williams v. Butler*, 94 S. C. 406, 78 S. E. 81 (1913); *Champion v. Whaley*, 280 S. C. 116, 311 S. E. (2d) 404, (S. C. App. 1984). The fact that a sales contract was entered into without the broker's knowledge does not defeat the rights of the broker to a commission. *Dantzler Real Estate, Inc. v. Boland*, 276 S. C. 275, 277 S. E. (2d) 705 (1981); *Hutson v. Stone*, 119 S. C. 259, 112 S. E. 39 (1922).

The better practice requires a written listing agreement. Real Estate Commission Reg. 105-18 (1976). However, oral commission agreements are often enforceable and are not violative of the Statute of Frauds. *Carter v. McCall*, 193 S. C. 456, 8 S. E. (2d) 844 (1940).

The terms of the agreement between the broker and sellers in the instant case are disputed, and no written contract exists. Yet, the record contains evidence from which the court could conclude that the respondent was entitled to a commission, as the procuring cause of the sale. Neither buyer nor seller knew about the other until Watts brought them together. Watts kept Malanuk posted on Mrs. Poe's interest in the home. When the sale was consummated, the Malanuks knew that Mrs. Poe was the prospective purchaser to whom Watts had shown the house.

The appellants contend that, since the sales contract was not entered into within 30 days, no commission was due. We disagree. Watts testified that he told Dr. Malanuk about the 7% commission and that Malanuk subsequently gave him the key to the house and authorized him to show it. Although the doctor testified that he promised to pay only a $500 commission, if any, the credibility of the witnesses was for the trial judge to weigh. We cannot substitute our view of the facts for that of the fact finder when there is any evidence to support his findings.

However, we modify the amount of the commission from 7% of $75,000 (the requested price) to 7% of $70,000 (the actual purchase price). Judgment of $4,900 plus costs shall be entered for the respondent.

Affirmed as modified.

NESS, GREGORY and CHANDLER, JJ., and CURTIS G. SHAW, Acting J., concur.