12240

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Beachside Real Estate, Inc.,       
Respondent,
 
 
 

v.

 
 
 
John Y. Dong, Danher Dong, also known as Danher W. Wang, and Jianyun 
 Y. Dong,        Defendants and Third-Party Plaintiffs,
Of Whom John Y. Dong and Danher Dong, also known as Danher W. Wang are       
Appellants,
 
 
 

v.

 
 
 
Dick Hargett,       
Respondent.
 
 
 

Appeal From Charleston County
Roger M. Young, Master-in-Equity

Unpublished Opinion No. 2004-UP-278
Submitted April 6, 2004  Filed April 
 26, 2004

AFFIRMED

 
 
 
John J. Dodds, III, of Mount Pleasant, for Appellants.
Dennis E. O'Neill, of Mount Pleasant, for Respondents.
 
 
 

PER CURIAM:  Dr. John Y. Dong a/k/a Dr. 
 Jianyun Y. Dong and his wife, Dr. Danher Dong a/k/a Dr. Danher W. Wang (Appellants) 
 [1] , appeal the masters rulings in favor of Beachside Real Estate, Inc. 
 (Respondent) in this breach of contract action.  We affirm. 
 [2] 
FACTS
On or about May 26, 2000, Dr. Dong 
 phoned Dick Hargett, a real estate agent for Respondent, to inquire about certain 
 parcels of real property located in the Victory Point neighborhood in Charleston, 
 South Carolina.  Appellants met with Mr. Hargett on May 27, 2000 to view the 
 properties.  Finding a parcel of property to their liking, Appellants decided 
 to place an offer.
Prior to placing the offer, on that same day, May 
 27, 2000, Mr. Hargett asked Appellants to sign an Acknowledgment of Relationship 
 Disclosure form.  This document identified Appellants as Buyers and acknowledged 
 that Beachside Real Estate and Mr. Hargett were Appellants agents.  Also on 
 May 27, 2000, Appellants signed an Exclusive Buyer Agency Agreement with Beachside 
 Real Estate and Mr. Hargett which provided that, should their offer be accepted, 
 Mr. Hargetts commission would be paid completely by the listing broker.  Mr. 
 Hargett testified that he fully explained both forms to Appellants and particularly 
 how the listing broker would pay his commission.  However, after placing the 
 offer, Appellants were informed the piece of property was no longer available.
Due to the unavailability of their first 
 choice, Appellants soon expressed an interest in another parcel of property 
 located in the same neighborhood. 
 [3]   Unlike the prior property in which Appellants expressed interest, 
 this property was not listed in the Multiple Listing Service.  Instead, the 
 owners were selling the property through an independent real estate agent.  
 Mr. Hargett explained to the Appellants that the significance of this difference 
 was that the sellers would not be paying his commission and accordingly, the 
 buyers would have to pay the commission.
Accordingly, on May 31, 2000, Mr. Hargett 
 prepared another Exclusive Buyer Agency Agreement (the Agreement) which provided 
 that the buyer agreed to pay the broker (Mr. Hargett) five percent of the sales 
 price upon successful negotiation of a contract on the property.  Mr. Hargett 
 testified that on June 1, 2000, he delivered the Agreement to Appellants office, 
 but due to the fact that Dr. Dong was out of town, Dr. Wang was the only person 
 to sign the form.
After execution of the Agreement, Dr. 
 Wang submitted an offer to purchase the property for $350,000.  This offer listed 
 Beachside Real Estate as the cooperating broker.  The owner did not accept this 
 offer, and Mr. Hargett prepared a second offer of $353,000 on June 2, 2000.  
 In contrast to the first offer, both Dr. Dong and Dr. Wang signed the second 
 offer, which also listed Beachside Real Estate as the cooperating broker.  Both 
 offers were also contingent on Appellants getting approval to install a dock 
 on the property. [4]     
 Again, the owner of the property did not 
 accept Appellants offer.  Mr. Hargett contacted the owners agent on numerous 
 occasions in an effort to get the asking price lowered.  After receiving a counteroffer 
 from the owner of $360,000, Dr. Dong expressed concern that he would not be 
 able to pay that asking price along with Mr. Hargetts commission.  As such, 
 Mr. Hargett got the impression Appellants were going to look at other properties.  
 Accordingly, Mr. Hargett and Appellants looked at properties in several other 
 locations, but no offers on any of the properties were made through Mr. Hargett 
 or Beachside Real Estate. 
On June 27, 2000, Dr. Dong received a 
 fax from the owners agent offering to sell the property for $360,000 if the 
 decision was made that day, earnest money of $20,000 was paid, and the deal 
 closed by August 15, 2000.  Dr. Dong accepted the offer the same day by writing 
 agreed on the fax and signing his name.  Also on June 27, 2000, both Dr. Dong 
 and Dr. Wang entered into a contract to purchase the property per the owners 
 proposal for $360,000.  Shortly thereafter, Dr. Dong contacted Carolina First 
 Bank about obtaining a loan to pay for the property.
Having obtained loan approval, Appellants sought an 
 attorney to handle the real estate closing.  Appellants first contacted attorney 
 Robert W. Haines.  Upon learning of Appellants intention to close with Mr. 
 Haines, Mr. Hargett wrote a letter to both Mr. Haines and Appellants.  The letter 
 stated that Appellants owed him a commission of $18,000.00 and included all 
 paperwork executed by the Appellants.  Knowing Dr. Dong would not agree to pay 
 the commission, Mr. Haines asked Appellants to escrow the commission so that 
 the dispute could be resolved through other channels.  Unable to convince Appellants 
 to pay the commission or escrow the disputed amount, Mr. Haines terminated his 
 representation.
Appellants then contacted attorney Amy Campbell in 
 an attempt to complete the closing.  After discovering that Ms. Campbell was 
 going to perform Appellants closing, Mr. Hargett provided her with a copy of 
 the Agreement as well.  Like Mr. Haines, after receiving this information, Ms. 
 Campbell refused to perform the closing.
Appellants were finally able to complete the closing 
 by contacting attorney C.J. Manos.  Because Mr. Manos was unknown to Mr. Hargett, 
 he never became aware of the Agreement or that a commission was being claimed 
 on the purchase of the property. [5]   As such, Appellants were able 
 to complete the closing.  Significantly, title to the property was placed in 
 Dr. Dongs name only.  
On December 6, 2000, Respondent commenced the current 
 action alleging breach of contract, breach of the implied covenant of good faith 
 and fair dealing, breach of contract accompanied by a fraudulent act, and civil 
 conspiracy.  Appellants answered averring several defenses, including violation 
 of section 40-57-135(D) of the South Carolina Code.  Appellants also asserted 
 a number of counterclaims, including breach of fiduciary duty, fraud, and fraudulent 
 concealment.
The case was tried before a master-in-equity on September 
 18, 2002.  On October 1, 2002, the master issued his order finding in favor 
 of Respondent.  The master held inter alia that the Agreement 
 met all of the statutory requirements necessary to be a proper buyer representation 
 agreement.  Accordingly, the master found that because Dr. Wang signed the Agreement, 
 she was bound by it and thus, she was liable for breach of contract in the amount 
 of $18,000 as well as costs.  Concomitantly, the master found that because Dr. 
 Dong did not sign the Agreement, he was not a party to it, and therefore he 
 was not liable.            
ISSUES

 I.         Did the trial court err in holding that Dr. Dong was not a party to the Agreement 
 dated May 31, 2000?
 II.         Did the trial court err in holding that the May 31, 2000 Agreement complied 
 with statutory requirements and as such, Dr. Wang was bound by its terms?
 III.        Did the trial court err in ruling Dr. Wang was liable to Respondent in the amount 
 of $18,000 under the May 31, 2000 Agreement?

STANDARD OF REVIEW
An action to recover a brokers commission 
 is an action at law.  Chambers v. Pingree, 351 S.C. 442, 449, 570 S.E.2d 
 528, 531-532 (Ct. App. 2002) (citing United Farm Agency v. Malanuk, 284 
 S.C. 382, 383, 325 S.E.2d 544, 545 (1985)).  In an action at law, the appellate 
 court will correct any error of law, but it must affirm the masters factual 
 findings unless there is no evidence that reasonably support those findings.  
 Sea Cabins on the Ocean IV Homeowners Assn, Inc. v. City of N. Myrtle Beach, 
 337 S.C. 380, 388, 523 S.E.2d 193, 197 (Ct. App. 1999); Jefferies v. Phillips, 
 316 S.C. 523, 527, 451 S.E.2d 21, 22-23 (Ct. App. 1994); see also 
 Waterpointe I Prop. Owners Assn Inc. v. Paragon, Inc., 342 S.C. 454, 
 459, 536 S.E.2d 878, 881 (Ct. App. 2000) (finding where an action at law for 
 interpretation of a contract referred to the master-in-equity for final judgment 
 with direct appeal to the supreme court; the appellate court will correct any 
 error of law, but must affirm the masters findings unless there is no evidence 
 reasonably supporting them). 
LAW/ANALYSIS 
 [6] 
Appellants argue the master erred in finding Dr. 
 Dong was not a party to the Agreement.  Initially, we note this position is 
 completely inconsistent with that taken by Appellants at trial.  For instance, 
 when asked whether he knew Dr. Wang was going to make an offer on the property, 
 Dr. Dong responded that he did, but that he never saw the Agreement prior to 
 the offer being made.  In fact, Dr. Dong repeatedly asserted that he never signed 
 the Agreement and because he did not, he maintained that he did not owe anybody 
 a commission.
As Respondent correctly points out, Dr. Dong was 
 successful in convincing the master that because he did not sign the Agreement, 
 he should not be liable.  Now Appellants assert that because the master erred 
 by finding Dr. Dong was not a party to the Agreement, this caused the master 
 to further err in concluding the Agreement met the relevant statutory requirements.  
 Accordingly, because the Agreement did not meet the statutory requirements, 
 the trial court erred in finding Dr. Wang liable for the $18,000 commission.  
 We disagree with this reasoning in its entirety.
Appellants first assertion is that the master 
 erred in finding Dr. Dong was not a party to the Agreement.  The master concluded 
 that the mere presence of Dr. Dongs name on the Agreement did not make him 
 a party, nor did it otherwise invalidate the Agreement as to Dr. Wang.  We agree 
 with the master.  
Appellants aver that because other documents during 
 the course of the parties interaction, including the Acknowledgement of Relationship 
 form and two of the offers to purchase property, were signed by both Dr. Dong 
 and Dr. Wang, this supports their contention that Dr. Dong was a party to the 
 contested Agreement.  Coupled with the fact that Dr. Dong did most of the negotiating 
 with Respondent, Appellants aver this evidence overwhelmingly establishes that 
 both [Dr. Dong and Dr. Wang] were parties to the agreement.  
Based on our standard of review, we find that there 
 is more than sufficient evidence to support the masters ruling that Dr. Dong 
 was not a party to the Agreement.  Not the least of which is Dr. Dongs own 
 testimony that he never saw the Agreement nor was he aware of it until after 
 the events leading up to this action had taken place.  
Next, Appellants contend that because Dr. Dong 
 was a party and did not sign the Agreement, the Agreement fails to satisfy section 
 40-57-135(D)(4)(g) of the South Carolina Code.  Section 135(D) provides in pertinent 
 part that [a] listing or buyers representation agreement must be in writing 
 and must set forth all material terms of the parties agency relationship, including, 
 but not limited to . . . (g) the signature of all parties.  S.C. Code Ann. 
 40-57-135(D)(4)(g) (2001).  Therefore, they argue because Dr. Dong was a party 
 and did not sign the Agreement, the trial court erred in holding the Agreement 
 was valid.  We disagree.  
As we have already found the master did not err 
 in concluding Dr. Dong was not a party to the Agreement, this argument is without 
 merit.  Significantly, Appellants final argument is very similar.  Appellants 
 contend that because Dr. Dong did not sign the Agreement and therefore the Agreement 
 is invalid, i.e., Respondent failed to comply with the statutory requirements, 
 the master erred in holding Dr. Wang was liable to Respondents.  Again, because 
 we find Dr. Dong was not a party to the Agreement, this argument is without 
 merit.
CONCLUSION
Accordingly, based on the above discussion, the 
 masters rulings are
AFFIRMED.
HEARN, C.J., ANDERSON and BEATTY, JJ., concur.

 
 
 [1] For clarity, Dr. John Dong will be referred to throughout this opinion 
 as Dr. Dong and Dr. Danher W. Wang will be referred to as Dr. Wang.

 
 
 [2] We decide this case without oral argument pursuant to Rule 215, SCACR.

 
 
 [3] The purchase of this property is the catalyst for the current dispute.

 
 
 [4] Mr. Hargett testified that he contacted the South Carolina Coastal 
 Council and others in an attempt to get the approval Appellants sought for 
 installation of a dock.

 
 
 [5] We feel it appropriate to mention that Mr. Manos actions in closing 
 the transaction are not being questioned.  As Beachside Real Estate notes 
 in its brief, Mr. Manos is a well-respected, experienced real estate closing 
 attorney.  Mr. Manos integrity and professional handling of this transaction 
 is above reproach. 

 
 
 [6]   Because all of Appellants issues are closely related, they will 
 be addressed together.