THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Century 21-Grimes & Associates, Inc.,       
Respondent/Appellant,
 
 
 

v.

 
 
 
John E. Benford,       
Appellant/Respondent,
 
 
 

v.

 
 
 
The Lachicotte Company,       
Respondent.
 
 
 

Appeal From Georgetown County
Paula H. Thomas, Circuit Court Judge

Unpublished Opinion No. 2004-UP-356
Heard May 12, 2004  Filed June 4, 2004

REVERSED

 
 
 
Benjamin H. Culbertson, of Georgetown, for Appellant-Respondent.
Ellis R. Lesemann and Amy Y. Jenkins, both of Charleston, 
 for Respondent.
Charles T. Smith, of Georgetown, for Respondent-Appellant.
 
 
 

PER CURIAM: Century 21 Grimes & Associates, 
 Inc. commenced this action against John E. Benford alleging breach of contract 
 and seeking a real estate commission in the amount of $18,500.  The trial court 
 granted judgment to Century 21 in the amount of $9,250.  From this ruling, Century 
 21 and Benford appeal.  We reverse.  
FACTS
This cause of action arises out of the sale of 
 a 160-acre tract in Williamsburg County owned by Benford.  On January 28, 2000, 
 Benford published the following advertisement in the Georgetown Times:

HUNTING PARADISE for sale.  160 acres with hunting 
 road, deer stand, duck pond and an abundance of wild turkey, quail and rabbits.  
 12x65 trailer ready for hunting or very serene living.  Shown by appointment 
 only or one time listing for all Real Estate agents.  $200,000.

After reading the notice, Truitt Owens, a real 
 estate broker for Century 21, met with Benford and had Benford sign a one-time 
 showing agreement that identified six prospective purchasers for the property.  
 Stuart Ballard was listed as one of the prospective purchasers.  The showing 
 agreement stated in part:

 [I]n consideration of the revelation of the identity of 
 said purchasers and the efforts of Century 21 Grimes & Associates, Inc., 
 to bring about a sale of said property, the undersigned does hereby acknowledge 
 an obligation to pay Century 21 Grimes & Associates, Inc. a commission equal 
 to 10% of the sales price upon consummation of a sale of the described property 
 to the prospective purchasers referred to herein.  It is further acknowledged 
 that the aforesaid commission obligation shall be binding upon [Benford] with 
 respect to any sale made to, or on behalf of, said purchasers during the period 
 of 360 days from the date hereof.  

Although Benford entered into the 
 showing agreement, he refused to sign an exclusive listing agreement with Owens 
 or any other broker or realtor because he wished to retain the right to sell 
 the property himself.  Benford told Owens he would pay a 10% commission to the 
 realtor who brought him the ultimate purchaser.  
Ballard, who had been looking for property like 
 Benfords for over a year, also noticed Benfords advertisement and placed a 
 call to his real estate agent, Chip Lachicotte of the Lachicotte Company, to 
 obtain more information on the property.  Ballard had a long-standing relationship 
 with Lachicotte and the Lachicotte Company.  Lachicotte had worked closely with 
 Ballard on several prior occasions, providing him with fact sheets, plats, and 
 other information on potential properties, as well as walking certain properties 
 with Ballard.  Ballard was unable to reach Lachicotte when he called him, as 
 Lachicotte was en route to Ballards office.  At the suggestion of one of Ballards 
 friends, he then called Owens to gather some information on the property.  Owens 
 did not have the information Ballard sought; however, Lachicotte arrived at 
 Ballards office moments later and provided Ballard with the information.  Lachicotte 
 obtained plats and other information on the property for Ballard.  
During this process, Les OHara, another agent 
 in Lachicottes office, was working with another individual interested in the 
 property, Robert Norris.  Norris, who was not listed as a prospective purchaser 
 on Owenss listing agreement, eventually offered to purchase the property.  
 Benford accepted and notified Owens of Norriss offer.  Upon learning of Norriss 
 offer, Owens ceased marketing the property.  The contract with Norris fell through 
 before closing.  Benford did not immediately notify Owens that the closing did 
 not occur.  
Lachicotte continued to work with Ballard on pursuing 
 the property, including thoroughly walking the property and wading through knee-deep 
 water on the tract.  Ballard made an offer on the property through the Lachicotte 
 Company for $185,000.00, and Benford accepted.  The Lachicotte Company drafted 
 and presented the contract of sale and held and delivered the earnest money 
 to Benford.  The contract of sale provided that Benford would pay the Lachicotte 
 Company a commission on the sale of the property.  On April 13, 2000, Benford 
 conveyed the property to Ballard for the contract price.  He paid the Lachicotte 
 Company a 10% commission of $18,500.  
On May 18, 2000, Owens employer, Century 21, brought 
 this action against Benford seeking $18,500 plus prejudgment interest for breach 
 of contract to pay a real estate commission.  Benford answered and brought a 
 third party claim against the Lachicotte Company for reimbursement of the real 
 estate commission he paid to them.  The trial court ruled in favor of Century 
 21 in the amount of $9,250 based upon a 5% real estate commission and denied 
 Benfords reimbursement request.  Benford and Century 21 appealed.
STANDARD OF REVIEW
An action for a real estate brokers commission 
 is an action at law.  See United Farm Agency v. Malanuk, 284 S.C. 
 382, 383, 325 S.E.2d 544, 545 (1985).  In an action at law, tried without a 
 jury, the trial courts factual findings will not be disturbed on appeal unless 
 no evidence exists which reasonably supports the trial courts findings or the 
 decision is controlled by an error of law.  Townes Assocs., Ltd. v. City 
 of Greenville, 266 S.C. 81, 85-86, 221 S.E.2d 773, 775 (1976).   
LAW/ANALYSIS
Benford argues the trial court erred in finding him 
 liable for breach of contract for refusing to pay a sales commission to Owens.  
 We agree.
A broker suing to recover his commission has the burden 
 of proving all the conditions precedent to his right to performance have occurred.  
 Chambers v. Pingree, 351 S.C. 442, 451, 570 S.E.2d 528, 532 (Ct. App. 
 2002).  In this case, the showing agreement specifically stated that Century 
 21 was entitled to a commission in consideration of (1) the revelation of the 
 identity of the purchasers and (2) the efforts of Century 21 in bringing about 
 the sale of the property.  The agreements second condition precedent is consistent 
 with South Carolina case law, which provides a real estate broker generally 
 earns a commission when the broker acts during his agency as the efficient or 
 procuring cause of a sale.  Roberts v. Gaskins, 327 S.C. 478, 487, 486 
 S.E.2d 771, 775 (Ct. App. 1997).  Although the actual agreement for the sale 
 may be made by the owner without the aid of the broker, the broker will be regarded 
 as the procuring cause if his intervention is the foundation upon which the 
 negotiation resulting in the sale is begun.  Id.  
There is no evidence in the record that supports 
 a conclusion that Owens was the procuring cause of the sale or that he was successful 
 in any efforts he made toward the sale. Owens admitted that Ballard was never 
 his client.  He stated he had spoken with Ballard over the years and knew he 
 was interested in property similar to Benfords.  Owens testified that he called 
 Ballard after signing the agreement with Benford and told him about the property.  
 He related that although Ballard seemed very excited during that first call, 
 his enthusiasm had cooled by a second call and during the third call Ballard 
 brushed him off.  Owens acknowledged that he did nothing with Ballard other 
 than make those telephone calls.  He stated he never took Ballard to the property, 
 never took any offers from Ballard, and never held any earnest money.        

Owens slight contact with Ballard was in no way 
 the foundation upon which the negotiations began between Ballard and Benford.  
 While Owens merely had a telephone conversation with Ballard, Lachicotte provided 
 Ballard with plats and other written information on the property, walked the 
 property with Ballard, drafted and proposed the contract, and held and delivered 
 the earnest money.  Clearly, Lachicotte was intimately involved in pursuing 
 the property and closing on the sale.  It was Lachicottes diligent and continuous 
 efforts that ultimately brought about the sale between Benford and Ballard.  
 Lachicotte, not Owens, was the procuring cause of the sale.  
Century 21 contends Owens did market the 
 property by contacting the prospective purchasers listed on the one-time showing 
 agreement, identifying and contacting additional prospective purchasers, and 
 taking prospective purchasers to the property.  We find these actions Owens 
 took in marketing the property to other potential purchasers did not entitle 
 Century 21 to a commission.  

A broker is never entitled to commissions for unsuccessful 
 efforts.  The risk of failure is wholly his.  The reward comes only with his 
 success.  That is the plain contract and contemplation of the parties.  The 
 broker may devote his time and labor, and expend his money with ever so much 
 devotion to the interests of his employer, and yet if he fails, if without effecting 
 an agreement or accomplishing a bargain, he abandons the effort, or his authority 
 is fairly and in good faith terminated, he gains no right to commissions.  He 
 loses the labor and effort which was staked upon success.  And in such event 
 it matters not that after his failure and the termination of his agency, what 
 he has done proves of use and benefit of the principal.

Swanson v. Stratos, 350 S.C. 116, 122, 564 
 S.E.2d 117, 120 (Ct. App. 2002).
The actions Century 21 took in marketing the property 
 to others does not alter the fact that it was not the procuring cause of the 
 sale of the property to Ballard.  As Century 21 was not the procuring cause 
 of the sale between Benford and Ballard, it was not entitled to a commission.  
 Accordingly, we find the trial court erred in finding Benford was liable for 
 breach of contract and awarding Century 21 a 5% commission.  Accordingly, the 
 judgment in favor of Century 21 for breach of contract is
 REVERSED. 
 [1] 
 ANDERSON, HUFF, and KITTREDGE, JJ., 
 concur.

 
 [1] Because we find Benford is not 
 liable for breach of contract, we do not address the remaining issues on appeal.