**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

George Lander, d/b/a The Land Company, George Lander and Associates, Appellants,

v.

Wise Batten, Individually, and Wise Batten, Inc., Respondents.

Appellate Case No. 2011-188768

Appeal From Hampton County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2013-UP-036
Heard October 4, 2012 – Filed January 23, 2013

**AFFIRMED**

Chasity G. Stratton and Talmadge C. Reynolds, both of Stratton & Reynolds, LLC, of Lexington, for Appellants.

John E. Parker and William F. Barnes, III, both of Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A., of Hampton, for Respondents.

**PER CURIAM:** In this action to recover one-half of the real estate commission received from the sale of a piece of commercial property, Appellants argue the trial court erred by granting summary judgment in favor of the Respondents.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *United Farm Agency v. Malanuk*, 284 S.C. 382, 384, 325 S.E.2d 544, 545 (1985) ("The broker is the procuring cause if his intervention is the foundation upon which the negotiations are begun."); *Huffines Co. v. Lockhart*, 365 S.C. 178, 190, 617 S.E.2d 125, 131 (Ct. App. 2005) (defining the term "procurement" as "consisting of the broker's efforts that are the efficient cause, but not necessarily the sole cause, of a series of unbroken, continuous events, which culminate in the accomplishment of the objective of the employment" (internal quotation marks and citations omitted)); *Edmonds v. Coldwell Banker Residential Real Estate Servs., Inc.*, 377 S.E.2d 443, 445 (Va. 1989) (cited with approval by *Huffines*, 365 S.C. at 190, 617 S.E.2d at 131) (finding a real estate broker is the procuring cause of a sale when he or she has originated or caused a series of events that without break in their continuity result in the accomplishment of the prime object of his or her employment); *Hobbs v. Hudgens*, 223 S.C. 88, 96, 74 S.E.2d 425, 427-28 (1953) (noting "the broker must not only show that his efforts were the procuring cause of the sale but must further show that his intervention was during the continuance of an agency to sell or find a purchaser"); *Pacesetter Props., Inc. v. Hardaway*, 635 S.W.2d 382, 389-90 (Tenn. Ct. App. 1981) (holding an agent was not the procuring cause of a lease so as to be entitled to a commission when the negotiations begun by the agent and continued by the purchaser were discontinued for six months without an agreement and when the purchaser reopened negotiations after a substantial lapse of time and finalized the deal on terms entirely different from the terms initially discussed); *Stone v. Moloney-Bennett Belting Co.*, 159 Ill. App. 366, 370 (Ill. App. Ct. 1911) (holding that even though the broker first showed the property to the ultimate lessee, the broker's complete inactivity for four months demonstrated abandonment and the ultimate transaction resulted from entirely new and independent negotiations); *Parkey v. Lawrence*, 284 S.W. 283, 287 (Tex. Civ. App. 1926) ("If the broker voluntarily abandons his efforts, once begun, to find a purchaser for property, or fails to find one within a reasonable time, all without the fault of the owner, then his contract of employment is at an end, and thereafter the owner is at liberty to sell the property to any one, including the purchaser first found by the broker . . . ."); *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31, 38-39 (N.J. 1989) ("[A] broker does not earn his commission by the mere introduction

[1] The record is not clear as to whether a listing agreement for the commercial property was executed, as no such listing agreement is included in the record.

of a buyer to the owner, but he must be the efficient procuring cause of the contract between seller and purchaser." (internal quotation marks and citations omitted)); *Cantell v. Hill Holliday Connors Cosmopulos, Inc.*, 772 N.E.2d 1078, 1083 (Mass. App. Ct. 2002) ("Mere introduction of a prospect to a property does not earn a broker's commission.").

**AFFIRMED.**

**WILLIAMS, PIEPER, and KONDUROS, JJ., concur.**