Will WEBBER, Plaintiff,

v.

ANDERSON HOMES LLC, Defendant.

C.A. No. 05C–05–047 (JRJ).

Superior Court of Delaware,
New Castle County.

Submitted Oct. 24, 2005.
Decided Jan. 26, 2006.

Donald L. Gouge, Jr., Esquire, Heiman, Gouge & Kaufman LLP, Wilmington, Delaware, Attorney for the Plaintiff.

Jeffrey M. Weiner, Esquire, Wilmington, Delaware, Attorney for the Defendant.

## OPINION

JURDEN, J.

This matter is presently before the Court on the Defendant Anderson Homes' Motion to Dismiss. For the reasons that follow, the Defendant's Motion is DENIED.

### I. *PROCEDURAL POSTURE*

The complaint in this matter was initially filed with the Court of Common Pleas on April 6, 2005, by the Plaintiff Will Webber (the "Plaintiff").[1] On May 2, 2005, Anderson Homes LLC (the "Defendant") filed its Motion to Dismiss[2] and requested

1. D.I. 1.

2. The Defendant seeks to dismiss the Plaintiff's action under Super. Ct. Civ. R. 12(b)(6),

fees and costs pursuant to Rule 11 of the Civil Rules Governing the Court of Common Pleas.[3] This matter was subsequently transferred from the Court of Common Pleas to this Court on May 5, 2005. The Court received the Plaintiff's response to the Defendant's Motion on September 26, 2005.[4] On October 3, 2005, the Court heard argument and requested supplemental briefing. Supplemental briefing was completed on October 24, 2005.[5]

## II. *FACTUAL BACKGROUND*

The Plaintiff filed this debt action to recover a 2% buyer broker's commission on the sale of a home, which he alleges the Defendant's agent orally agreed to but intentionally omitted from the executed agreement of sale.[6] In its Motion to Dismiss presently before the Court, the Defendant asserts that: (1) no commission is owed to the Plaintiff based on an alleged oral agreement that contradicts the executed agreement of sale, (2) the complaint

fails to state a claim upon which relief can be granted,[7] and that (3) all fees and costs incurred by the Defendant in responding to the complaint should be assessed against the Plaintiff in accordance with Superior Court Civil Rule 11.[8]

This situation arises from the circumstances surrounding the December 19, 2003 sale of a home by the Defendant to Eric and Stephanie Willis (the "Buyers").[9] The Defendant offered a new home located at 114 Cazier Drive in Back Creek, Middletown, Delaware ("the property") for sale in the fall of 2003. According to the Defendant's multi-listing, the property was advertised for sale at a price of $600,000, with a buyers' broker commission of 2% of the sale price.[10]

The Plaintiff, a licensed real estate agent with RE/MAX Eagle, was the Buyers' realtor for the sale of their previous residence and avers that he continued to be their realtor through their purchase of the property.[11] He asserts that his repre-

---

which states, in pertinent part, "[T]he following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted." D.I. 2.

3. The Defendant's pursuit of sanctions under Super. Ct. Civ. R. 11 is premature and unappreciated by the Court. The Defendant has provided no reason why the Plaintiff's complaint "does not constitute a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Def. Mot. to Dismiss, *Webber v. Anderson Homes LLC*, C.A. No.2005–04–095 (May 2, 2005), ¶ 6. The obligation of good faith imposed by Rule 11 applies to all parties in an action. D.I. 2.

4. D.I. 3.

5. D.I. 5, 6.

6. Cmplt. *Webber v. Anderson Homes LLC*, C.A. No.2005–04–095 (Apr. 6, 2005), ¶ 10; Pl. Supp. Resp. to Mot., *Webber v. Anderson*

*Homes LLC*, C.A. No. 05C–05–047(JRJ) (Oct. 13, 2005), ¶ 3.

7. The Defendant seeks to dismiss the Plaintiff's action under Super. Ct. Civ. R. 12(b)(6).

8. For the purposes of this ruling, the Court will treat the Defendant's request for fees and costs under Rule 11 of the Civil Rules Governing the Court of Common Pleas in accordance with the equivalent Superior Court Civil Rule, Super. Ct. Civ. R. 11.

9. Eric and Stephanie Willis (the "Buyers") are not parties to this action.

10. Cmplt., ¶ 4.

11. In his Supplemental Response to the Defendant's Motion to Dismiss, the Plaintiff concedes that he is not the real party in interest in this action. Rather, the holder of the Plaintiff's real estate license, RE/MAX Eagle, as broker, is the real party in interest under 24 *Del. C.* § 2901(a). The Plaintiff was granted leave to amend his complaint under Super.

sentation of the Buyers began in March 2003.[12]

It is uncontested that on September 27, 2003, the Buyers first visited the Defendant's model home in Back Creek without the Plaintiff. Via affidavit the Buyers state that during this visit they asked the Defendant's agent, David Marcus ("Mr. Marcus"), if they would be recognized as buyers with a realtor even though the Plaintiff was unavailable that day.[13] The Buyers explain that Mr. Marcus answered in the affirmative.

The Buyers again visited the model home on October 4, 2003, this time with the Plaintiff. This visit culminated in the October 4, 2003 agreement of sale between the Buyers and the Defendant for the purchase of the property.[14] At some point during negotiations between the Buyers, the Plaintiff, and Mr. Marcus, the Plaintiff and the Buyers allege that discussions turned to the Plaintiff's commission.[15] They assert that Mr. Marcus refused to acknowledge the Plaintiff as the Buyer's agent because the Plaintiff did not appear in the Defendant's guest registry as the Buyers' realtor.[16] However, the Plaintiff and the Buyers contend that Mr. Marcus relented, suggesting the Buyers could still sign the registry in order to indicate that the Plaintiff was serving as their realtor, and the parties agreed the Plaintiff was the Buyers' realtor for this transaction.[17]

After this discussion, but prior to the actual preparation of the contract to purchase the property, the Buyers and the Plaintiff apparently left Mr. Marcus so that the Buyers could retrieve their checkbook and the Plaintiff could depart for another appointment.[18] The Buyers returned later that day, without the Plaintiff, to execute the Defendant's form agreement of sale for the property.

The Plaintiff alleges that during the October 4, 2003 negotiations the Buyers were assured that he would be compensated at 2% of the $547,000 sale price.[19]

Settlement occurred on December 19, 2003, at which time the Defendant refused to include the Plaintiff's 2% commission, totaling $10,940, on the settlement sheet.[20] In response, the Plaintiff filed this action alleging the Defendant breached its oral promise to pay his commission.

## III. STANDARD OF REVIEW

■ Where matters outside the pleadings—namely, affidavits—are presented to and not excluded by this Court on a motion to dismiss for failure of the pleadings to state a claim upon which relief can be granted, that motion shall be treated as a motion for summary judgment and disposed of pursuant to Superior Court Civil Rule 56.[21] Summary judgment is appropriate under Rule 56 where the evidence set forth in the pleadings on file, together with any affidavits submitted, shows that

Ct. Civ. R. 15(a) to substitute RE/MAX Eagle as the proper plaintiff.

12. Cmplt., ¶ 5.

13. Willis Aff., *Webber v. Anderson Homes LLC,* C.A. No.2005–04–095 (Oct. 1, 2005), ¶ 1.

14. Def. Mot. to Dismiss, Ex. A.

15. Willis Aff., ¶ 2; Pl. Aff., *Webber v. Anderson Homes LLC,* C.A. No.2005–04–095 (Sept. 23, 2005), ¶ 4.

16. Willis Aff., ¶ 4; Pl. Aff., ¶ 4.

17. Willis Aff., ¶ 4; Pl. Aff., ¶ 4.

18. Willis Aff., ¶ 5; Pl. Aff., ¶ 5.

19. Cmplt., ¶ 10, 12.

20. Willis Aff., ¶¶ 8–10; Pl. Supp. Res. To Mot., ¶ 5.

21. Super. Ct. Civ. R. 12(b); *Century 21 Schaeffer Associates Realtors, Inc. v. Elsmere Realty Co.,* 1999 WL 463776.

there is "no genuine issue as to any material fact," viewing the facts in the light most favorable to the non-moving party.[22] "However, if from the evidence produced, there is a reasonable indication that a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law, summary judgment will not be granted."[23]

## IV. *POSITIONS OF THE PARTIES*

In this action, the Plaintiff argues that the Defendant's multi-listing represents an offer of a 2% commission to a buyers' agent.[24] He further asserts that his representation of the Buyers during their purchase of the property constituted his acceptance of the Defendant's offer and therefore he is owed the 2% commission.[25] The Defendant responds that there is no writing that shows that the Plaintiff was the Buyers' agent and that the alleged oral agreement to pay his commission is unenforceable under both Article 7.1.1 of the Delaware Real Estate Commission Rules and Regulations[26] and Delaware case law.[27] Article 7.1.1 states that "[l]isting agreements for the rental, sale, lease or exchange of real property, whether exclusive, co-exclusive or open shall be in writing and shall be signed by the Seller or Owner."

Additionally, the Defendant relies on the terms of the parties' October 4, 2003 executed agreement of sale (the "Agreement") to show that neither the Defendant nor the Buyers contemplated a commission for the Plaintiff.[28] Specifically, paragraph 4 of the Agreement states:

> **Brokerage.** The parties agree that the transaction encompassed within this Agreement has been negotiated directly by the parties and, therefore, *no brokerage is due and payable as a result of the transaction. Each party agrees to indemnify the other and hold the other harmless from and against all damages and expenses that either party may incur as a result of any claim of any broker or finder who claims a commission or fee for this transaction as a result of dealings with the other party.* This indemnification shall survive the expiration or termination of this Agreement.[29]

Moreover, the Agreement contains an integration clause, under which the Buyers signed their initials.[30] The Defendant ar-

---

**22.** Super. Ct. Civ. R. 56(c); *Matas v. Green*, 171 A.2d 916, 918 (Del.Super.1961).

**23.** *Century 21*, 1999 WL 463776, at *2.

**24.** Pl. Resp. Def. Mot. to Dismiss, *Webber v. Anderson Homes LLC*, C.A. No. 05C–05–047(JRJ) (Sept. 26, 2005), ¶ 5.

**25.** *Id.*, ¶¶ 3–5.

**26.** Delaware Real Estate Comm'n, Reg. No. 7, § 1.1 (2005).

**27.** The Defendant cites to *Stella v. Wilmington Savings Fund Soc'y, FSB*, 1993 WL 138697 (Del.Super.); *Eastern Commercial Realty Corp. v. Fusco*, 654 A.2d 833 (Del.1995); *Century 21*, 1999 WL 463776 (Del.Super.).

**28.** Def. Mot. to Dismiss, ¶¶ 2–3 ("[T]he 10/04/03 Agreement of Sale ... had an explic-

it provision to be completed if a broker had been engaged on behalf of the ... Buyers and the [Buyers'] indicated 'not applicable' as to any broker engaged on their behalf; instead, the [Buyers'] indicated that the Agreement had been negotiated directly by the parties and, therefore, no brokerage was due and payable as a result of the transaction.... Furthermore, Plaintiff ... does no allege any written agreement with the ... Buyers.").

**29.** Def. Mot. to Dismiss, Ex. A, ¶ 4 (emphasis added).

**30.** Def. Mot. to Dismiss, Ex. A, ¶ 22(a) ("This Agreement and all exhibits and endorsements contain the entire agreement between the parties. Buyer acknowledges that no one has the authority to make and no one has made any statements or representations which have

gues that under the parol evidence rule, this clause makes the contract a fully-integrated agreement not subject to contradiction by extrinsic evidence of any oral agreement. While the Defendant acknowledges that extrinsic evidence may be admitted to contradict the terms of an agreement in cases of fraud or misrepresentation, it asserts that the Plaintiff cannot make such a showing in this case "as a matter of law." [31]

In his opposition to the Defendant's Motion, the Plaintiff argues that Article 7.1.1 does not apply to this dispute because there was no "listing agreement" between him and the Defendant. He argues that the writing requirement found in 7.1.1 only applies to listing agreements, which are agreements that exist between sellers and their agents, not a seller and the buyers' agent. In essence, the Plaintiff asserts that the writing requirement of 7.1.1 is inapplicable because the agreement between him and the Defendant was not a listing agreement. Rather, the Plaintiff maintains this is a debt action to enforce the alleged oral agreement for the 2% buyers' broker commission because he represented the Buyers during the negotiations of October 4, 2003.[32]

Alternatively, and for the first time in his Supplemental Response, the Plaintiff argues that even if the alleged oral agreement to pay a commission contradicts the express terms of the later executed Agreement, the parol evidence rule does not bar claims of negligent misrepresentation and fraudulent inducement.[33] Further, he asserts that the integration clause gives rise to "a rebuttable presumption that the writing contains the total contract but this presumption can be overcome by a showing of fraud, bad faith, unconscionability, negligent omission or mistake in fact." [34] The Plaintiff indicates that the Affidavits presented to the Court are evidence that the Defendant made representations as to the 2% commission, which induced the Buyers to enter into the Agreement.[35]

## V. DISCUSSION

■ Generally, parol evidence is inadmissible to vary or contradict a fully integrated agreement.[36] However, the Plaintiff is correct that "where fraud or misrepresentation is alleged, evidence of

---

been relied upon by buyer which modify or add to the terms and conditions set forth herein. . . . No modification of this Agreement shall be binding unless it is in writing and fully ratified by all parties.").

**31.** Def. Supp. Resp., *Webber v. Anderson Homes LLC,* C.A. No.2005–04–095 (Oct. 24, 2005), ¶¶ 3–5.

**32.** Pl. Supp. Resp. to Mot., ¶¶ 4–5.

**33.** *Id.,* ¶¶ 3–5. The Plaintiff also intimates that the Agreement of Sale is a contract of adhesion. He refers to the Agreement as "a boilerplate Anderson form contract . . . prepared by an Anderson agent" and notes that the Buyers were not "sophisticated buyer[s]." The Plaintiff continues, "[a]s explained in the affidavits, [the Plaintiff] was not present when the contract was prepared by Anderson's agent." *Id.,* ¶¶ 4–5.

**34.** *Id.,* ¶ 7 (citing *Kronenberg v. Katz,* 872 A.2d 568, 592 (Del.Ch.2004)).

**35.** In support of its allegation that the Agreement is not a fully integrated contract, the Plaintiff also relies on the Defendant's October 23, 2003 letter to the Buyers in which its agent wrote: "If there is anything that was verbally communicated to you and it is not on your contract please contact me immediately." Plt's Supp. Response, Ex. 2. The Plaintiff argues that the Defendant "can not hide behind an integration clause when in fact the contract is open for modification consistent with the oral representations made by its agent." *Id.,* ¶ 9.

**36.** *Scott–Douglas Corp. v. Greyhound Corp.,* 304 A.2d 309, 315 (Del.Super.1973).

oral promises or representations which are made prior to the written agreement will be admitted" as an exception to the parol evidence rule.[37]

▆ In the case at bar, the Plaintiff maintains that the Defendant intentionally omitted terms related to payment of his buyers' broker commission from the Agreement and, as a result, cannot claim that the executed Agreement represents a fully integrated sale agreement with the Buyer.[38] The Court finds that an issue of material fact exists as to whether after the Plaintiff's departure from the October 4, 2003 meeting, the Defendant, during its preparation of the Agreement, "fraudulently" and "intentionally omitted [the Plaintiff] from the contract, saving [the Defendant] an $11,000 commission." [39]

Thus, when viewed in the light most favorable to the Plaintiff as the non-moving party, the Court finds that the Defendant's request for summary judgment is premature. The facts alleged require further inquiry so that the parol evidence rule may be correctly applied. Because discovery is required, the Court cannot rule in the Defendant's favor as a matter of law. Further, the Court grants leave to the Plaintiff to amend the complaint to properly reflect his revised allegations and the correct parties within ten (10) days of the issuance of this opinion, as well as to the Defendant to amend its responses accordingly within twenty (20) days of service of the amended complaint.

The parties' requests for fees and costs pursuant to Superior Court Civil Rule 11(c) are denied.[40]

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **DENIED.**

IT IS SO ORDERED.

---

**37.** *Anglin v. Bergold,* 1989 WL 88625 (Del. Supr.).

**38.** Pl. Supp. Resp. to Mot., ¶¶ 4–10.

**39.** *Id.,* ¶ 5.

**40.** *PNC Bank, Delaware v. Berg,* 1997 WL 817869 (Del.Super.) ("Superior Court Civil Rule 11 imposes an obligation of good faith and honesty in the filing of pleadings, motions, and other papers and in the representations which one makes to the Court.").