**[J-102-2014][M.O. – Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| HARLEY-DAVIDSON MOTOR COMPANY | : | No. 82 MAP 2014 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court dated 10/30/13, |
| | : | reconsideration denied 12/27/13, at No. |
| | : | 159 CD 2013 which |
| SPRINGETTSBURY TOWNSHIP, | : | affirmed/vacated/remanded the order of |
| CENTRAL YORK SCHOOL DISTRICT | : | the York County Court of Common |
| AND YORK COUNTY BOARD OF TAX | : | Pleas, Civil Division, dated 1/8/13 at No. |
| ASSESSMENT APPEALS | : | 2004-SU-1832-Y08 |
| | : | |
| APPEAL OF: CENTRAL YORK SCHOOL | : | |
| DISTRICT | : | ARGUED:  November 18, 2014 |

**CONCURRING OPINION**

**MR. CHIEF JUSTICE SAYLOR**                          **DECIDED:  September 29, 2015**

I agree with the following conclusions reached by the majority:  a cost-to-cure approach is inapposite in the present circumstances; the trial court erred in failing to multiply the market value by the common-level ratio; a potential buyer's environmental-remediation responsibilities and limitations on use should be taken into account when calculating the property's market value; and the five-percent stigma reduction is adequately supported in the record.[1]

---

[1] As I read the record, requiring separate reductions for stigma and remediation costs is consistent with the expert's representation as reflected in his report.  *See* Appraisal Report at 55 (2010), R.R. 528a (explaining that any stigma "has an additional impact upon real estate above and beyond the cost of [environmental] cleanup or remediation").

With that said, I have difficulty with the majority's analysis concerning whether Mr. Camins reached his valuation figures by assuming the property was already in a proposed, hypothetical state – a practice disapproved by *Air Products & Chemicals, Inc. v. Lehigh County Board of Assessment Appeals*, 720 A.2d 790 (Pa. Cmwlth. 1998), and *Craftmaster Manufacturing, Inc. v. Bradford County Board of Assessment Appeals*, 903 A.2d 620 (Pa. Cmwlth. 2006). On this question, the present focus is mainly on whether the expert assumed the land had already been subdivided. The majority quotes four sentences from Mr. Camins' 2006 appraisal report suggesting that there is a "potential" for subdivision, or that subdivision "could" occur, and concludes from such statements that the expert did not value the property as if it had already been subdivided. *See* Majority Opinion, *slip op.* at 18. To my mind, these types of expressions do not speak directly to the contested issue of whether Mr. Camins ultimately valued the property by using figures reflecting a hypothetical subdivision. I believe that the calculations used by the expert are more probative of the question.

These are shown elsewhere in the report. They reflect that each portion of the property was valued separately and the values were simply added together to arrive at the aggregate market value of the property as a whole. *See* Appraisal Report at 87 (2006), R.R. 423a; *see also* Appraisal Report at 100 (2010), R.R. 551a (reflecting similar calculations involving a simple addition of the estimated valuation of separate portions of the parcel). Although Mr. Camins denied that he assumed the land was already subdivided for valuation purposes, *see* N.T., Jan. 24, 2011, at 354, R.R. 182a, his explanation was that he thought subdivision would be unnecessary to make the varying uses of the property as contemplated. *See* N.T., Feb. 1, 2011, at 24, R.R. 266a; *accord id.* at 26, R.R. 267a. I am unable to see how this amounted to anything more than speculation on his part, however, as he never explained the basis for his

conclusion or stated that he investigated whether subdivision might be required. He also disclaimed any legal expertise in this arena. *See* N.T., Feb. 1, 2011, at 61, R.R. 284a (reflecting his statement, "I am not a legal expert").

Notably, as well, the trial court stated in a conclusory fashion that "the property was viewed as a whole, and not as if it had been subdivided," *Harley-Davidson Motor Co. v. Springettsbury Twp.*, No. 2004-SU-1832-Y09, *slip op.* at 8 (C.P. York Jan. 8, 2013) (finding of fact 45), but it made no findings on whether the use as envisioned was feasible absent subdivision of the property. *See generally St. Margaret Seneca Place v. Allegheny Cnty. Bd. of Prop. Assessment, Appeals & Review*, 536 Pa. 478, 483-84, 640 A.2d 380, 383 (1994) (recognizing that a trial court's findings of fact are binding, but only if supported by substantial evidence). This is relevant because the highest and best use of a property is understood by appraisers as "the most probable and foreseeable use to which a property can be put consistent with its physical characteristics, *legally permitted uses*, and market demand." N.T. Jan. 24, 2011, at 342; R.R. 176a (emphasis added); *see* Mark D. Savin, *Highest and Best Use and the Challenges of the Market*, SW019/SW020 ALI-CLE 1083 (Feb. 5-7, 2015) ("Highest and best use is the most profitable use the property will bring in light of its zoning, economic, environmental, legal, practical, social and physical characteristics[.]"); *cf. Craftmaster*, 903 A.2d at 632 (criticizing an expert's estimation of a property's market value – which assumed that certain structures could be sold off as residences – on the basis that "[t]here was . . . no indication that the [p]roperty, which was located in an industrial zoning district, would or could be subdivided and rezoned residential").[2]

---

[2] In a responsive footnote, the majority repeats the essential aspects of Mr. Camins' testimony mentioned above, namely, that he: gave a single valuation for the property; stated the property "could" be subdivided or there was a "potential" for subdivision; and did not assume, contrary to *Air Products* and *Craftmaster*, that subdividion had already
(continued…)

In light of the foregoing, I would include in the remand order a directive to consider whether the fair-market valuation reached by Mr. Camins can be achieved absent subdivision in view of the uses that he contemplated for the excess land – and, if necessary, to undertake further factual development sufficient to resolve the question.

Mr. Justice Eakin joins this concurring opinion.

---

(…continued)
taken place. *See* Majority Opinion, *slip op.* at 19 n.7. Respectfully, however, the majority's response does not address the substantive points articulated above. In particular, and as noted, the single valuation consists of a mathematical sum of the values of the component parts, and Mr. Camins – a non-lawyer – supplied no basis to support his apparent assumption that the hypothetical multiple and varying uses of the property could all be realized simultaneously absent subdivision. Ascertaining whether such occurrence is reasonably possible appears, to me at least, as a logical prerequisite to any finding concerning the property's fair market value based on a simple arithmetic sum of Mr. Camins' component figures.