EASTERN COMMERCIAL REALTY CORP.; M. Alan Fineberg; Bariglio & Associates; and Anthony Bariglio, Plaintiffs Below, Appellants,

v.

Anthony N. FUSCO, Catherine A. Fusco; Fusco Enterprises; Franklin Realty Co., Inc.; Shopping Center Associates, L.P.; and Frank J. Vassallo, III, Defendants Below, Appellees.

No. 43, 1994.

Supreme Court of Delaware.

Submitted: Dec. 6, 1994.
Decided: March 3, 1995.

**834**

David S. Lank of Theisen, Lank, Mulford & Goldberg, P.A., Wilmington, for plaintiffs-appellants.

Francis S. Babiarz of Biggs & Battaglia, Wilmington, for defendants-appellees.

Before VEASEY, C.J., WALSH and HARTNETT, JJ.

HARTNETT, Justice.

In this appeal we affirm the Superior Court's holding that Regulation IX.A of the Delaware Real Estate Commission bars any recovery for a payment based on an oral agreement to pay a commission or finder's fee in connection with a real estate transaction. We also affirm the Superior Court's refusal to permit an amendment to the complaint to assert a belated claim of fraud.

## I.

On August 17, 1993, the Superior Court granted the motion for summary judgment of the Defendants–Below, but gave plaintiffs leave to seek to amend the complaint. On November 9, 1993, the Superior Court denied the motion to amend the complaint and dismissed the suit. We affirm both Orders of the Superior Court.

Plaintiffs claim that during June of 1983, plaintiff, M. Alan Fineberg, an employee and the sole shareholder of plaintiff, Eastern Commercial Realty Corp., and the defendants entered into an oral agreement as part of the settlement of a then pending law suit. Allegedly, the defendants orally agreed that plaintiffs would receive (in addition to certain other benefits) a sum of money equal to ten percent of the rents arising from any future lease for any Bradlees store erected on any lands owned by defendant, Anthony N. Fusco ("Fusco"). The plaintiffs, agreeing to share in the claimed commission, filed suit for $1,688,454.40. No claim based on *quantum meruit* was asserted.

Defendants denied all the allegations in the complaint and moved to dismiss the law suit arguing that enforcement of the alleged oral contract was barred by Regulation IX.A promulgated by the Delaware Real Estate Commission.

The Superior Court granted defendants' motion for summary judgment, holding that any claim of plaintiffs based on an oral agreement was barred because oral real estate listing agreements are barred under Regulation IX.A. Plaintiffs then sought to amend the complaint to assert a claim of fraud. The Superior Court denied that motion and dismissed the suit. This appeal followed.

## II.

Regulation IX promulgated by the Delaware Real Estate Commission provides in pertinent part:

IX.  BUSINESS TRANSACTIONS AND PRACTICES

A.  Written Listing Agreements

Listing Agreements for the rental, sale, lease or exchange of real property,

whether exclusive, co-exclusive or open shall be in writing and shall be signed by the seller or owner.

B. Copy of Agreements

Every party to a listing agreement, agreement of purchase and sale, or lease shall be furnished with an executed copy of such contract or contracts. It shall be the responsibility of the licensee to deliver an executed copy of agreements to the principals within a reasonable length of time after execution.

The Regulation was adopted pursuant to 24 *Del.C.* Ch. 29 that states in pertinent parts:

§ 2928. *Objectives of Commission.*

The primary objective of the Real Estate Commission, to which all other objectives and purposes are secondary, is to protect the general public, especially those persons who are direct recipients of services regulated by this chapter[,] from unsafe practices, and from occupational practices which tend to reduce competition or fix the price of services rendered. The secondary objectives of the Commission are to maintain and establish minimum standards of licensee competency, and establish and maintain certain standards in the delivery of services to the public.

§ 2905. *Powers and duties of the Commission.*

The Commission may:

(1) Adopt and revise such rules and regulations not inconsistent with the law as may be necessary to enable it to carry into effect this chapter; * * *.

### III.

As a matter of law, the Superior Court found that Regulation IX was validly adopted. It also found, based on the undisputed facts, that defendants' purported oral agreement to pay plaintiffs a fee based on a percentage of the rent to be received by Fusco if he leased any of his lands for use as a Bradlees store, was a listing agreement as that term is used in Regulation IX.A. Because the listing agreement was not in writing as required by Regulation IX.A, the Superior Court held that it cannot be enforced. We agree.

The standard of appellate review of the granting of summary judgment is *de novo.* *Arnold v. Society for Savings Bancorp, Inc.,* Del.Supr., 650 A.2d 1270, 1276 (1994); *Merrill v. Crothall–American, Inc.,* Del.Supr., 606 A.2d 96, 100 (1992); *Bershad v. Curtiss–Wright Corp.,* Del.Supr., 535 A.2d 840, 844 (1987).

### IV.

■ We first examine the Superior Court's determination that Regulation IX.A was validly adopted.

In enacting 24 *Del.C.* § 2928, the Delaware General Assembly stated that its objective in creating the Delaware Real Estate Commission was to protect the general public from unsafe practices in real estate transactions. In order to further this objective the Real Estate Commission was granted the authority to "[a]dopt and revise such rules and regulations not inconsistent with the law as may be necessary to enable it to carry into effect this chapter." 24 *Del.C.* § 2905(1). Pursuant to its statutory mandate, the Real Estate Commission adopted Regulation IX.A.

As this Court made clear in *Atlantis I Condominium Ass'n v. Bryson,* Del.Supr., 403 A.2d 711, 713 (1979), a broad grant of authority by the General Assembly to an administrative agency is to "be construed so as to permit the fullest accomplishment of the legislative intent", and the administrative agency is deemed to be given all the "power that is reasonably necessary to execute that ... authority." *See also Dept. of Correction v. Worsham,* Del.Supr., 638 A.2d 1104, 1107 (1994) (quoting *Atlantis I* ).

As 24 *Del.C.* § 2928 provides, the primary objective of the Commission is to protect the general public from unsafe practices. The goal of Section 2928 is promoted by the requirement in Regulation IX.A that listing agreements be in writing because use of oral listing agreements can be an unsafe practice and the requirement that listing agreements be in writing helps to foster fair dealings between parties, standardize real estate practice, prevent fraud and avoid litigation. *Amato & Stella Assoc's v. Florida North Investments,* D.Del., 678 F.Supp. 445 (1988)

(citing *Green Mountain Realty v. Fish,* 133 Vt. 296, 336 A.2d 187, 189 (1975)); *Stella v. Wilmington Savings Fund Soc.,* Del.Super., C.A. 91C–11–31, Goldstein, J., 1993 WL 138697 (March 30, 1993).

We therefore hold that the adoption of Regulation IX.A, requiring all listing agreements be in writing, falls within the authority granted to the Commission by 24 *Del.C.* § 2905(1) and is valid.

## V.

■ We next address the question of whether Regulation IX.A, in addition to requiring that listing agreements be in writing, prohibits the enforcement of an oral listing agreement.

Courts in other jurisdictions have come to varying conclusions as to the effect of provisions similar to Regulation IX.A. The better reasoned cases hold, as we do today, that refusing to enforce oral listing agreements serves the public policy underlying their prohibition. *Amato & Stella,* 678 F.Supp. at 448; *Green Mountain Realty v. Fish,* 133 Vt. 296, 336 A.2d 187 (1975); *Red Carpet–Barry & Assoc. v. Apex Assoc.,* 130 Ariz. 302, 635 P.2d 1224, 1226 (1981) (holding that "[the] purpose of these statutes is to regulate the conduct of real estate activities so the public may be protected"); *Milholin v. Vorhies,* Iowa Supr., 320 N.W.2d 552, 554 (1982); *Machan Hampshire Properties v. Western Real Estate & Dev.,* Utah Ct.App., 779 P.2d 230, 234 (1989). While other courts have determined that administrative action against the broker is a sufficient remedy for a violation of a regulation analogous to Regulation IX.A, and have permitted the enforcement of prohibited oral listing agreements, we find those cases not to be persuasive. *See Coldwell Bankers–Gordon Co. Realtors v. Roling,* Mo. Ct.App., 703 S.W.2d 572 (1986); *Finlay Commercial Real Estate v. Paino,* 133 N.H. 4, 573 A.2d 125, 128 (1990); *United Farm Agency v. Malanuk,* 284 S.C. 382, 325 S.E.2d 544, 545 (1985). Our holding is consistent with the legislative intent embodied in 24

*Del.C.* § 2928 and the purpose of Regulation IX.A, and, therefore, we agree with the Superior Court that Regulation IX.A renders oral listing agreements unenforceable.

## VI.

■ Notwithstanding the prohibition imposed by Regulation IX.A on oral listing agreements, plaintiffs argue that the agreement that they seek to enforce is not subject to Regulation IX.A because it is a finder's fee agreement, not a listing agreement.

■ If there is any difference between a finder's fee agreement and a listing agreement, it is that, generally, a finder's fee is earned by someone other than a broker. *Baldwin v. Grymes,* 232 Md. 470, 194 A.2d 285, 287 (1963). Here, however, plaintiff, Anthony Bariglio, is and was a licensed Delaware Real Estate Broker at the time of the alleged oral contract. Plaintiff Fineberg, although not a licensed broker in Delaware at that time, was a licensed broker in New Jersey and was working with Bariglio. The plaintiffs all agree that they will share any recovery in this suit.* Fineberg also agreed to seek a tenant to occupy Fusco's real estate, a typical duty under a listing agreement.

Allowing the plaintiffs to avoid the application of Regulation IX.A by permitting them to simply label the alleged oral agreement as a finder's fee arrangement would undermine the clear intent of the General Assembly and the Regulation. *Cf. Alford v. Raschiatore,* 163 Pa.Super. 635, 63 A.2d 366, 367–68 (1949) (recognizing that allowing an individual to avoid a statute regulating brokers, simply by arguing that the action of merely bringing a buyer and seller together was insufficient to constitute "brokering," would render the statute meaningless). An oral agreement by a real estate broker to receive a commission for leasing of land is exactly the type of unsafe practice the Real Estate Commission sought to prevent by adopting Regulation IX.A. We therefore find that the oral agree-

---

* Even if plaintiffs were not licenced brokers, they still would be precluded from enforcing the alleged oral contract for a commission. An unlicensed person is ordinarily not entitled to collect a commission arising out of a real estate transaction. *E.A. Strout Co. v. Howell,* Del.Supr., 85 A.666 (1913); *Reeder v. Jones,* Del.Super., 65 A. 571 (1902).

ment in question is a listing agreement for the purposes of Regulation IX.A, regardless of how the plaintiffs seek to characterize it.

## VII.

Plaintiffs, relying on *Nepa v. Marta*, Del. Supr., 348 A.2d 182 (1975), *aff'd in part, rev'd in part*, Del.Supr., 385 A.2d 727 (1978) and *Lock v. Schreppler*, Del.Super., 426 A.2d 856 (1981), claim that Delaware courts have enforced oral agreements for payment of brokerage commissions. Plaintiffs' reliance on those cases is misplaced because they were decided prior to the General Assembly's 1982 enactment of 24 Del.C., § 2928 (1987), 63 Del.Laws C. 463, § 5 (1982). *Amato & Stella*, 678 F.Supp. at 448.

## VIII.

 We also find that it was a proper exercise of discretion for the Superior Court to deny the belated motion to amend the complaint. "A motion for leave to amend a complaint is always addressed to the discretion of the trial court." *Bokat v. Getty Oil Co.*, Del.Supr., 262 A.2d 246, 251 (1970).

The original complaint was filed in the Superior Court in October of 1985. It clearly did not allege fraud with particularity as is required by Superior Court Civil Rule 9(b). It merely asserted that defendants failed to perform the alleged oral contract. That is not sufficient to assert fraud. *Murphy v. O'Toole, Inc.*, Del.Super., 87 A.2d 637, 638 (1952). On September 8, 1993, eight years after filing the lawsuit, plaintiffs filed their motion to amend the complaint in another attempt to assert a claim of fraud. The proposed amended complaint, however, still did not plead fraud with sufficient particularity to meet the mandate of Superior Court Civil Rule 9(b). Furthermore, it was filed well beyond the three year limitations period provided for claims of fraud by 10 *Del.C.* § 8106. It was, therefore, well within the discretion of the trial court to deny the motion to amend the complaint and to dismiss the suit.

## IX.

We therefore AFFIRM the holding of the Superior Court that Regulation IX.A of the Delaware Real Estate Commission bars any recovery based on an oral agreement to pay a commission or finder's fee in connection with a real estate transaction. We also AFFIRM the Superior Court's holding that the motion to amend the complaint was improper and that the suit was therefore dismissed.