IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY A. CLOUSER, | § | |
| | § | No. 175, 2019 |
| Plaintiff Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| KIM DOHERTY, et al., | § | |
| | § | C.A. No. N15C-07-240 |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: August 23, 2019
Decided: November 14, 2019

Before **SEITZ**, Chief Justice; **VALIHURA**, and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Jeffrey A. Clouser, appeals from a March 25, 2019 Superior Court order granting summary judgment in favor of the defendants, Wayne Barton and the Delaware Department of Education ("the DDOE"). We conclude that the Superior Court did not err in granting summary judgment. Accordingly, we affirm.

(2)    Clouser, a former teacher employed by the Brandywine School District, filed suit against two groups of defendants—one comprised of certain school employees; the Brandywine School District; and current and former members of the

Brandywine School District Board of Education (collectively, "the School Defendants") and the other comprised of the DDOE; Wayne Barton, then Director of Professional Accountability for the DDOE; and Lillian Lowery, then Secretary of Education (collectively, "the State Defendants"). The gist of Clouser's complaint alleged that the State Defendants and the School Defendants acted improperly in investigating his reputed improper use of a school computer and then disseminated inaccurate information about the investigation. The investigation led to Clouser's resignation from his position with the Brandywine School District. Clouser alleged that the dissemination of inaccurate information concerning the investigation left Clouser unable to secure employment in the teaching profession.

(3) The Superior Court dismissed all of Clouser's claims against both the School Defendants and the State Defendants. Clouser appealed. We affirmed the Superior Court's dismissal of the complaint against the School Defendants and Lowery.[1] But, we determined that the Superior Court erred in ruling on the State Defendants' claim of sovereign immunity on a motion to dismiss. Under 18 *Del. C.* § 6511, "[t]he defense of sovereign immunity is waived and cannot and will not be asserted as to any risk or loss covered by the state insurance coverage program, whether same be covered by commercially procured insurance or by self-insurance."

---

[1] *Clouser v. Doherty*, 2017 WL 3947404 (Del. Sept. 7, 2017). The factual background of the dispute between the parties is set forth in more detail in this earlier decision.

2

When the State's insurance coverage program does not cover the loss, however, the State typically files, and relies upon, an affidavit of no insurance coverage. Although the State had filed an affidavit of no insurance coverage in the Superior Court, the court did not rely on it. Instead, the Superior Court required Clouser to proffer that the State had expressly waived sovereign immunity under § 6511. We held that the Superior Court erred by requiring Clouser to plead insurance coverage under § 6511.

(4) Because Clouser had stated claims for defamation and tortious interference with prospective business relations against the DDOE and Barton under the lenient standard for sufficiency of a claim applicable to a motion to dismiss, we determined that the Superior Court's error was not harmless. Accordingly, we remanded the case and directed the Superior Court to permit the remaining parties— Clouser, the DDOE, and Barton—to engage in limited discovery related to (i) the State's affidavit of no insurance coverage and (ii) Clouser's defamation and tortious interference with prospective business relations claims against the DDOE and Barton.

(5) On remand, Clouser requested and received information from the State Insurance Coverage Office regarding the State's insurance policies.[2] Clouser also filed, and subsequently withdrew, several motions to compel discovery. After the State Insurance Coverage Office responded to Clouser's document request, Clouser

[2] App. to Answering Br. at B154-59; B808-1010.

filed a motion to compel "full disclosure of discovery" from the office. Clouser next asked the court to extend the discovery deadline. Lastly, Clouser moved to amend his complaint to (i) add an additional defendant, (ii) assert new claims against previously dismissed defendants Doherty and Lowery, and (iii) raise seven additional claims arising out of the same events that led to Clouser's initial complaint. On July 6, 2018, the Superior Court held a hearing on the outstanding motions. At the hearing's outset, the Superior Court heard from the parties about the pending discovery matters and concluded that the only matters that remained pending were two depositions that had not yet been scheduled.[3] The Superior Court then denied Clouser's motion for leave to amend his complaint, stating its reasons on the record.[4]

(6) In October 2018, the DDOE and Barton moved for summary judgment. DDOE and Barton argued: (i) Clouser's claims were barred by sovereign immunity, (ii) Clouser's defamation claim failed as a matter of law, (iii) Barton was entitled to conditional privilege for his communications regarding the investigation, and (iv)

---

[3] At the hearing, the Superior Court asked the parties, "Which gets me to the next question, because there were motions to compel discovery, then there were motions to withdraw motions to compel. Is there anything that has not been completed at this point, what is still open on discovery?" In answer to this question, counsel for the State Defendants replied that there were two depositions that had yet to be taken and additional discovery would be needed if the Superior Court granted Clouser's motion to amend his complaint. The trial judge then asked Clouser if the State Defendants' counsel's representation was accurate. Clouser stated, "That's correct, I do agree. That's fine." App. to Answering Br. at B376.

[4] App. to Answering Br. at B386-87. The court issued a brief written order memorializing its decision and setting scheduling deadlines on July 11, 2018. *Id.* at B388.

Clouser's claim of tortious interference with business relationships failed as a matter of law. In November 2018, counsel for the State Defendants realized they had inadvertently failed to file an answer to Clouser's original complaint and docketed an answer. Clouser then moved to strike the State Defendants' answer and moved for default judgment.

(7) On March 25, 2019, the Superior Court issued two orders. The first order granted the DDOE and Barton's motion for summary judgment, finding that Clouser's claims were barred by sovereign immunity. In so doing, the Superior Court noted that it was not required to conduct a new inquiry into the State's efforts to meet its responsibilities under 18 *Del. C.* §§ 6501-6503 every time the State asserted the defense of sovereign immunity. The second order denied Clouser's motion to strike the State Defendants' answer as well as Clouser's motion for default judgment. This appeal followed.

(8) On appeal, Clouser argues that (i) the Superior Court committed procedural error by failing to consider his motion to compel discovery from the State Insurance Coverage Office and for failing to permit Clouser to amend his complaint, (ii) Clouser was prejudiced by the State Defendants' late-filed answer, (iii) there are material facts in dispute, and (iv) the Superior Court committed error in its application of the law to the facts of the case. We conclude Clouser's arguments are without merit and, accordingly, affirm the Superior Court's judgment.

(9) This Court reviews the grant of a motion for summary judgment *de novo* to determine whether the undisputed facts entitled the movant to judgment as a matter of law, viewing the facts in the light most favorable to the nonmoving party.[5] A party seeking summary judgment bears the initial burden of showing that no genuine issue of material fact exists.[6] If the movant makes such a showing, the burden then shifts to the nonmoving party to submit evidence sufficient to show that a genuine factual issue, material to the outcome of the case, precludes summary judgment.[7]

(10) After careful consideration, we conclude the judgment below should be affirmed on the basis of and for the reasons assigned by the Superior Court in its March 25, 2019 order granting summary judgment to the DDOE and Barton. In light of Clouser's numerous filings below, Clouser's representation to the court at its July 6, 2018 hearing, and this Court's decision in *Doe v. Cates*,[8] the Superior Court did not err in failing to rule specifically on Clouser's motion to compel directed at the State Insurance Coverage Office. Nor did the Superior Court err in declining to grant Clouser leave to amend his complaint following remand. A

---

[5] *United Vanguard Fund, Inc. v. TakeCare, Inc.*, 693 A.2d 1076, 1079 (Del. 1997).
[6] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).
[7] *Id.*
[8] 499 A.2d 1175, 1179 n. 4 (Del. 1985) ("Apparently, [precedent] has been interpreted as requiring the trial courts to conduct a new inquiry into the [Insurance Coverage Determination] Committee's efforts to meet its responsibilities under 18 *Del. C.* ch. 65 each time the State asserts the defense of sovereign immunity. In view of our holding today, such inquiry is no longer necessary.").

motion for leave to amend is left to the sound discretion of the trial court.[9]  The

Superior Court did not abuse its discretion in denying Clouser's motion to amend

where the proposed amendments were an obvious attempt to reframe his defamation

and tortious interference with prospective business relations claims.   Finally, we

agree with the Superior Court's conclusion that there is no evidence that Clouser

was prejudiced by the State Defendants' inadvertent failure to file a timely answer

in this vigorously litigated case.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[9] *Eastern Commercial Realty Corp. v. Fusco*, 654 A.2d 833, 837 (Del. 1995).  To the extent that Clouser argues that he was entitled to amendment as a matter of right because he filed his motion to amend before the State Defendants filed a responsive pleading, he did not raise that argument to the trial court in the first instance and we will not entertain it on appeal. Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.).

7