# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

LYNN KANE VAN REENAN and
DONALD VAN REENAN,

      Plaintiffs,

      v.

CAROLE SIEBER, ZACK SIEBER and
RICHARD MARCUS,

      Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. CPU6-23-000453

Submitted: July 29, 2024
Decided: October 10, 2024

## DECISION ON MOTION TO APPEAL COMMISSIONER'S FINDINGS OF FACT AND RECOMMENDATION

*Upon Defendants' Motion to Dismiss*

Patrick Scanlon Esquire & Darlene Wyatt Blythe, Esquire, 203 NE Front Street, Suite 101, Milford, DE 19963. *Attorneys for Plaintiffs*

Carol Sieber, 23382 Marina Drive, Lewes, DE 19958. *Pro Se*

Zack Sieber, 18860 Shingle Point Road, Georgetown, DE 19947. *Pro Se*

William J. Rhodunda, Esquire, 1521 Concord Pike, Suite 205, Wilmington, DE. *Attorney for Richard Marcus.*

**MIMS, J.**

Zack Sieber (Defendant) and Richard Marcus (Defendant) appealed the Commissioner's Recommendation to deny Defendants' respective Motions to Dismiss. For the reasons discussed below, the Commissioner's Findings of Fact and Recommendation ("Recommendation") is REJECTED and entered as the ORDER of the Court.

## PROCEDURAL HISTORY

On May 2, 2023, Plaintiffs Lynn Kane Van Reenan and Donald Van Reenan ("The Van Reenans" or "Plaintiffs") filed a Complaint alleging a debt claim jointly and severally against Carol Sieber ("Mrs. Sieber"), Zack Seiber ("Sieber") and Richard Marcus ("Marcus") ("Defendants collectively") in the amount of $12,977.00 plus pre-judgment interest from March 2, 2023 at the rate of 9.00% per annum, plus post-judgment interest at the legal rate from the judgment plus costs.[1] The Van Reenans assert Defendants, acting for Lewes Realty, Inc., entered into a fiduciary relationship with them when Defendants listed their home, located at 301 E. Savannah Road, Lewes, DE 19958, for rent in the Summer of 2022.[2] The Van Reenans further assert the Defendants were legally obligated to place the rent received into a client's trust account to be used only for the purpose intended in the listing agreement, and to disburse the net balance to the Van Reenans, the owners of the property.[3] The Van Reenans, by information and belief, assert Mrs. Sieber embezzled the money and is liable to them for the misappropriation of funds.[4]

The Van Reenans allege Sieber, the son of Mrs. Sieber and a real estate agent at Lewes Realty, Inc., listed and rented the property and knew or should have known Mrs. Sieber was

---

[1] Complaint.
[2] Complaint ¶ 3. Plaintiffs' Exhibit A.
[3] Complaint ¶ 4.
[4] Complaint ¶ 5.

mishandling the trust funds because Mrs. Sieber lost her license for the same thing in 2009.[5] The Van Reenans assert Marcus, a broker for Lewes Realty, Inc., was responsible for ensuring his Realtor's Trust Account was being handled properly, yet Mrs. Sieber embezzled from the trust fund without Marcus checking the books to ensure the trust funds were being handled properly.[6] The Van Reenans allege they were damaged to the extent of $12,977.00.[7] The Van Reenans sued Lewes Realty, Inc. in the Justice for the Peace Court for lost rent and were awarded a default judgment in the amount of $13,293.98.[8] The Van Reenans allege the judgment remains uncollectable because Lewes Realty, Inc. has since closed their doors and apparently, has no assets with which to pay the judgment.[9]

On June 5, 2023, Marcus filed a Motion to Dismiss the Van Reenans' Complaint asserting this is the same action they filed in the Justice of the Peace Court, and their failure to join Defendants to that action below is fatal.[10] Marcus asserts the Van Reenans' Complaint is barred by the doctrines of *res judicata* and collateral estoppel as this matter was already litigated below with a final order and the parties and issues are the same.[11] In addition, Marcus asserts he is not personally liable for a judgment against Lewes Realty, Inc., and the Van Reenans would need to prove he was acting outside the scope of his agency or employment.[12] Finally, Marcus asserts the Van Reenans failed to state a claim, so the case should be dismissed as the Complaint does not state whether its claim against Marcus is for breach of contract, negligence, or fraud.[13] Marcus

---

[5] Complaint ¶ 6.
[6] Complaint ¶¶ 7-8.
[7] Complaint ¶ 9.
[8] Complaint ¶ 10. Case No. JP17-22-004943. Plaintiffs' Exhibit B.
[9] Complaint ¶ 11.
[10] Marcus' Motion to Dismiss page no. 1.
[11] *Id* at page no. 1 and 2.
[12] *Id* at page no. 2.
[13] *Id* at page no. 3.

respectfully requests this Court dismiss the Van Reenans' Complaint against him and award him his reasonable attorney's fees and costs and any other relief this Court deems appropriate.[14]

On July 14, 2023, Sieber filed an Answer where he admits Lewes Realty, Inc. entered into a fiduciary agreement with the Van Reenans to rent their property, Marcus served as the broker, and the Van Reenans filed an action against Lewes Realty, Inc. in the Justice of the Peace Court.[15] Sieber denies or states he does not know as to all remaining allegations in the Complaint.[16] On July 31, 2023, Sieber files a Motion to Dismiss the Van Reenan's Complaint. Sieber asserts he served as an employee of Lewes Realty, Inc. and signed the rental listing agreement on behalf of the company. Additionally, Sieber asserts the Van Reenans entered a contract with Lewes Realty, Inc. and a lawsuit against an employee cannot withstand dismissal.[17] Sieber respectfully requests this Court grant a dismissal of all the Van Reenans claims against him.[18]

On August 4, 2023, the Van Reenans filed a Response to Sieber's Motion to Dismiss. The Van Reenans assert Sieber embezzled money from them, whom he owed a fiduciary duty, and that embezzling money for the benefit of his employer does not excuse him from personal liability.[19] The Van Reenans request Sieber's motion be denied.[20] On August 18, 2023, the Van Reenans filed a Response to Marcus' Motion to Dismiss.[21] The Van Reenans assert their prior action in the Justice of the Peace Court is not barred by *res judicata* as they won the action below, the parties are not the same and Marcus facilitated the embezzlement by Mrs. Sieber by leaving her

---

[14] *Id* at page no. 3.
[15] Sieber's Answer page no. 1.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] Plaintiffs' Response to Sieber's Motion to Dismiss page no. 1.
[20] *Id.*
[21] Plaintiffs' Response to Marcus' Motion to Dismiss page no. 1.

unsupervised.[22] The Van Reenans argue *res judicata* precludes a party from taking a second bite at the apple if that same party lost the initial case.[23] The Van Reenans assert they stated a claim against Marcus – he was a broker responsible for the Trust Account being handled properly, and Marcus put Mrs. Sieber in charge of the account knowing her history as he acted more as a principal.[24] The Van Reenans argue a defendant who aids and abets a breach of fiduciary duty is jointly and severally liable for the damages resulting from the breach; the injured person is entitled to recover damages from any tortfeasor.[25]

On September 19, 2023, the Van Reenans filed a Direction to Enter Judgment by Default under Rule 55.[26] The Van Reenans requested the Court enter judgment against Mrs. Sieber only, jointly and severally, for failure to appear, plead, or otherwise defend.[27] The Van Reenans requested $14,047.79 that included the principal debt plus pre-judgment interest, attorney's and court costs.[28] The Court entered the default judgment against Mrs. Sieber on the same date.

Further on September 19, 2023, the Court held a motion hearing for Sieber's and Marcus's Motions to Dismiss. Commissioner Bucklin reserved decision. On November 21, 2023, Commissioner Bucklin issued his Recommendation. Commissioner Bucklin held the Code of Ethics and Standards of Practice of the National Association of Realtors places a personal duty on Marcus. In addition, the ethical requirements codified in 24 *Del. C.* § 2912 imposes a fiduciary

---

[22] *Id* at page no. 2.
[23] *Id.*
[24] *Id.*
[25] *Id.* (citing *In re Rural/Metro Corp. S'holders Litig.,* 102 A.3d 205, 220-221 (Del. Ch. 2014)).
[26] "When a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these Rules, and the fact is made to appear, judgment by default may be entered ... ". Court of Common Pleas Civil Rule 55
[27] Plaintiffs' Motion for Default Judgment against Mrs. Sieber page no. 1.
[28] *Id.*

duty upon a realtor licensed in Delaware.[29] Commissioner held *res judicata* and collateral estoppel fail as arguments as the claims and parties are not the same.[30] Commissioner Bucklin held Sieber, if accepting the facts pled as true, purposely ignored Mrs. Sieber's theft or was grossly incompetent and allowed a known thief to access his accounts and therefore there is enough evidence in the Complaint to allow the matter to continue.[31] Lastly, Commissioner Bucklin denied Defendants' Motions to Dismiss.

On November 30, 2023, Sieber filed a Motion for Reconsideration of Commissioner's Order. Sieber argues Commissioner Bucklin incorrectly stated he was an account manager at Lewes Realty, Inc., as no one alleged he was an account manager in any filing.[32] Additionally, Sieber asserts he was not the direct overseer of the account from which the funds are missing.[33] Sieber argues several statements were not truthful including Sieber gave Mrs. Sieber access to the accounts, Sieber maintained access to accounts, and Mrs. Sieber needed him to access accounts.[34] Finally, Sieber argues the Van Reenans assert in their Complaint Mrs. Sieber embezzled the money, and he should have known this, while simultaneously arguing Sieber embezzled the money.[35] Sieber argues the Van Reenans brought this same claim in a prior proceeding and therefore this claim cannot withstand dismissal. Sieber requests this Court dismiss the Van Reenans' claim against him.

---

[29] Commissioner's Recommendation page no. 2
[30] *Id.*
[31] *Id.*
[32] Sieber's Motion for Reconsideration of Commissioner's Order ¶ 3.
[33] *Id* at ¶ 4.
[34] *Id* at ¶¶ 6-7.
[35] *Id* at ¶ 10.

On December 1, 2023, Marcus filed an Appeal from Commissioner's Recommendation. Marcus asserts the Van Reenans' Complaint appears to seek enforcement of a judgment obtained in the Justice of the Peace Court against Defendants personally.[36] Marcus argues the Van Reenans and Commissioner Bucklin failed to address his collateral estoppel argument.[37] Marcus argues a collateral estoppel claim does not demand any issue to be decided against the Van Reenans.[38] Moreover, Marcus argues the Van Reenans failed to state a claim. Marcus argues paragraphs seven and eight of their Complaint attempts to provide a basis for their claim; however, both cite to a case from the Delaware Court of Chancery regarding aiding and abetting a breach of fiduciary duty, a claim over which the Court of Chancery maintains exclusive jurisdiction.[39] [40]

Furthermore, Marcus argues Commissioner Bucklin incorrectly found that 24 *Del. C.* § 2912 imposes a personal fiduciary duty on him supporting the Van Reenans' claim of breach of fiduciary duty.[41] Marcus objects to Commissioner Bucklin's Recommendation because "it is well-established law that the Delaware Real Estate Services, Brokers, Associate Broke and Salesperson statutes, 24 *Del. C.* § 2900 *et seq.* (the "Statutes"), do not create duties and there is no private cause of action under the statutes."[42] Finally, Marcus objects because the Van Reenans attempts to hold him personally liable for the acts of, or the judgment against, Lewes Realty, Inc. (his employer

---

[36] Marcus' Appeal from Commissioner's Findings of Fact and Recommendation ¶ 1.
[37] *Id* at ¶¶ 2 and 4. (citing *Betts v. Townsends, Inc.,* 765 A.23 531, 535 (Del. 2000)) (emphasis added).
[38] *Id* at ¶ 4.
[39] *Id* at ¶ 6 (citing *DiBiase v. Vendemia,* 2002 WL 31999357, at *1 (Del. Com. Pl. Sept. 17, 2002); *Reybold Venture Group XI-A, LLC v. Atlantic Meridian Crossing, LLC,* 2009 WL 143107, at *2-3 (Del. Super. Jan. 20, 2009))
[40] *Id* at ¶ 2.
[41] *Id* at ¶ 3.
[42] *Id* at ¶ 5 (citing *Lock v. Shrepler,* 426 A.2d 856, 864-867 (Del. Super. 1981); *Eastern Commercial Realty Corp. v. Fusco,* 654 A.2d 833 (Del. 1995); *Schribner v. Chonofsky,* 310 A.2d 924, 926 (Del. 1973)).

and an entity) as that involves piercing the corporate veil.[43] Marcus asserts the Court of Chancery also has exclusive jurisdiction over claims that seek to pierce the corporate veil.[44] Marcus noted "the same issue in this case arose in *Leedy v. Hearn*, 1977 WL 182537 (Del. Super. Dec. 6, 1977)."[45]

On December 14, 2023, the Van Reenans filed a Response to Marcus' Appeal of Commissioner's Decision on Defendant's Motion to Dismiss. The Van Reenans allege Marcus was negligent in failing to supervise Lewes Realty, Inc. by never checking to see that the Realtors Trust Fund was being handled properly by a person with a history of misappropriation.[46] In addition, Marcus' negligence in failing to supervise allowed Plaintiffs' loss to happen, which is within this Court's supervision, not a breach of fiduciary duty.[47] On December 14, 2023, the Van Reenans filed a Response to Sieber's Appeal of Commissioner's Recommendation. The Van Reenans assert Sieber filed a "speaking motion" that contains many facts not supported by the record or even an affidavit.[48] Plaintiff's assert they hired Sieber to rent out their vacation home in the Rehoboth area, he knew or should have known Mrs. Sieber, his mother, was embezzling the rent he was collecting, and it is at least a breach of contract if not complicity in the theft.[49]

On April 22, 2024, Plaintiffs' counsel filed a letter with the Court advising the parties were available for oral argument. On May 31, 2024, the Court scheduled an oral argument for July 8,

---

[43] *Id* at ¶ 7 (citing *Fisher v. Townsends, Inc.*, 695 A.2d 53 (Del. 1997)).
[44] *Id.* (citing *Sonne v. Sachs*, 314 A.2d 194, 197 (Del. 1973)).
[45] *Id.*
[46] Plaintiffs' Response to Marcus' Appeal of Commissioner's Recommendation ¶ 1.
[47] *Id* at ¶ 2.
[48] Plaintiff's Response to Sieber's Appeal of Commissioner's Recommendation ¶ 1.
[49] *Id* at ¶ 2.

8

2024.[50] Due to a scheduling conflict with one of the parties, the Court rescheduled the oral argument for July 29, 2024.

Marcus argues the Van Reenans cannot seek to collect a judgment entered against Lewes Realty, Inc., by suing Defendants. Marcus asserts neither the Code of Ethics nor 24 *Del. C.* § 2912 impute a duty or allow a claim to be filed based on that duty. Marcus argues this honorable Court lacks subject matter jurisdiction as the Delaware Court of Chancery has jurisdiction over breaches of fiduciary duty and piercing the corporate veil to sue him personally.

Sieber argues he was an employee of Lewes Realty Inc., working as a rental agent. Sieber asserts the company had at least 100 rental properties and multiple people worked at the company. Sieber objects to the Van Reenans' allegation he oversaw rental accounts as part of his job. Mrs. Sieber, his mother, owned Lewes Realty, Inc., and she always had access to the accounts; thus, the Van Reenans allegation is not accurate.

The Van Reenans argue their allegation falls under a respondeat superior claim as Marcus had a fiduciary duty to tell clients their money was being embezzled. The Van Reenans argue their claims fall under a common law standard of care as he oversaw the trust account as the broker and he was negligent in putting Mrs. Sieber in charge or gave access to the account, and failed to check the account was being used properly. The Van Reenans assert neither *res judicata* nor collateral estoppel apply as they received a default judgment below. Finally, the Delaware Chancery Court will likely not accept the matter if there is another remedy at law, and this is a money judgment. Upon completion of oral argument, the Court reserved decision.

---

[50] The Court scheduled an oral argument after the original judicial officer retired.

## FACTS

After review of the record and oral argument, the Court finds the following are the relevant facts:

Lynn Kane Van Reenan and Donald Van Reenan entered a contract with Lewes Realty, Inc. to list their property, located at 301 E. Savannah Road, Lewes, DE 19958, for rent during Summer 2022.[51] Carol Sieber owned Lewes Realty, Inc. when Plaintiffs' entered into the contract with the company.[52] Zack Sieber, son of Carol Sieber, worked at Lewes Realty, Inc. and signed the Van Reenans' rental listing agreement on behalf of the company.[53] Richard Marcus served as the broker for Lewes Realty, Inc. when the Van Reenans entered into the contract with the company.[54] Lewes Realty, Inc. failed to remit the Van Reenans' outstanding rental payments.[55] The Van Reenans brought a breach of contract claim against Lewes Realty, Inc. in the Justice of the Peace Court for a principal amount of $12,977.00 plus undetermined pre- and post-judgment interest and court costs.[56] On May 1, 2023, the Justice of the Peace Court granted a default judgment against Lewes Realty, Inc. in favor of the Van Reenans' and awarded them $13,293.98 with interest from March 2, 2023.[57]

The judgment remains uncollectable as Lewes Realty, Inc. is no longer an active business nor has any assets to pay the judgment.[58] The Van Reenans filed a debt claim in the Court of Common Pleas against Carol Sieber, Zack Sieber, and Richard Marcus asserting they were the

---

[51] Plaintiffs' Complaint ¶ 3 and Exhibit A.
[52] *Id.*
[53] Sieber's Motion to Dismiss ¶ 2.
[54] Plaintiffs' Complaint ¶ 7; Marcus' Motion to Dismiss page no. 2.
[55] Plaintiff's Complaint Exhibit A.
[56] *Id.*
[57] Plaintiffs' Complaint Exhibit B. JP17-22-004943.
[58] Plaintiffs' Complaint ¶ 11.

creditors for the obligation listed in the Complaint.[59] The Court of Common Pleas issued a default judgment against Carol Sieber for failing to respond to the Van Reenans' Complaint.

## STANDARD OF REVIEW

A Commissioner's decision to grant or deny a Motion to Dismiss is case dispositive.[60] Appeals from a Commissioner's report regarding case dispositive matters are governed by Court of Common Pleas Civil Rule 112(A)(4).[61] "That rule provides a Judge of the Court shall make a *de novo* determination of those portions of the report or specified proposed findings of fact or recommendations made by the Commissioner."[62] "A Judge may also receive further evidence or recommit the matter to the Commissioner with instructions."[63]

In considering motions to dismiss filed pursuant to CCP Civil Rule 12(b)(6), the Court must assume that all well-pled facts in the complaint are true.[64] The complaint should not be dismissed unless "the plaintiff would not be entitled to recovery under any reasonably conceivable set of circumstances susceptible to proof."[65] "The Court is required to accept only those "reasonable inferences that logically flow from the face of the complaint, [it] is not required to accept every strained interpretation of the allegations proposed by the plaintiff."[66]

---

[59] Plaintiff's Complaint ¶ 1.
[60] Court of Common Pleas Civil Rule 112(A)(4).
[61] *Id.*
[62] *Platinum Financial Services, Corp. v. Huffman & Huffman*, 2001 WL 155537 at *1 (Del. Super. Oct. 31, 2001).
[63] *Id.*
[64] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).
[65] *Id.*
[66] *Abdul-Ahad v. Nationwide Mut. Fire Ins. Co.*, 2016 WL 4269512, at *2 (Del. Com. Pl. Aug.10, 2016)

11

"An allegation, though vague or lacking in detail, is nevertheless, 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it."[67] "While, the Court is required to accept only those 'reasonable inferences that logically flow from the face of the complaint,' [it] 'is not required to accept every strained interpretation of the allegations proposed by plaintiff.'"[68] Moreover, the Court may dismiss a claim "if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law."[69] Ultimately, "[d]ismissal is warranted only when 'under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.'"[70] Importantly, the four-corners of the plaintiff's complaint defines the universe of fact that the Court may consider.[71]

## DISCUSSION

Commissioner Bucklin's Recommendation accepted facts from Plaintiffs' Complaint as true and included facts that were not in the record. The Recommendation imputes a personal duty on Marcus under the Code of Ethics and Standards of Practice of the National Association of Realtors and 24 *Del. C.* § 2912[72] that Marcus likely breached with a finding Marcus' *res judicata,* and collateral estoppel claims must fail. In addition, the Recommendation states Marcus' failure to state a claim fails due to his breach of a personal duty to preserve client funds. The Recommendation states Sieber, based on the facts asserted in the Complaint, purposely ignored his mother's theft or was grossly incompetent and allowed a known thief to access his accounts,

---

[67] *Id.*
[68] *Id.*
[69] *Id.*
[70] *Lawyer v. Christiana Care Health System, Inc.*, 2016 WL 2610653, at *3 (Del. Com. Pl. May 6, 2016). (internal citations omitted).
[71] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.23d 162, 168 (Del. 2006).
[72] Neither citation found within Plaintiffs' Complaint.

12

which allows Plaintiffs' claim to survive Siber's Motion to Dismiss. The Court Rejects the Recommendation for the reasons stated below.

**Res Judicata and Collateral Estoppel**

The Recommendation denies Marcus's claim the Complaint is barred under *res judicata* and collateral estoppel; however, fails to provide the correct analysis. Marcus asserts all the elements of *res judicata* are met: (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; (5) the decree in the prior action was a final decree.[73] The Court holds the matter in Justice of the Peace Court and this matter have different parties and Plaintiffs' made different claims. In the court below, Plaintiffs filed a breach of contract claim against Lewes Realty, Inc. In the current matter, Plaintiffs filed a debt claim asserting they were the creditor to an obligation and Marcus and Sieber were personally liable due to their action or inaction in the professional roles within Lewes Realty, Inc. The Court holds Marcus's *res judicata* claim must fail.

Marcus asserts all the elements of collateral estoppel are met and Plaintiffs' claim should be barred: (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[74] Plaintiffs received a default judgement from the Justice of the Peace Court against

---

[73] *LaPoint v. Amerisource Bergen Corp.*, 970 A.2d 185 (Del. 2009).
[74] *Betts v. Townsends, Inc.*, 765 A.2d 531, 535 (Del. 2000).

13

Lewes Realty, Inc. for the outstanding rental payments including interest and court costs. While that same principal interest and court costs is being requested in this matter, the issue previously decided in the Justice of the Peace Court is not identical to this matter nor was the prior action adjudicated on the matters or had a full and fair opportunity to litigate the issue as the court below granted a default judgment. The Court holds Marcus' collateral estoppel claim must fail.

*Failure to State a Claim*

The Recommendation imputes a personal liability and duty breached by Marcus and Sieber respectfully, but was not asserted by the Van Reenans in their Complaint for a debt claim that is uncollectable from the original action in Justice of the Peace Court. The Van Reenans' claim is limited to the four corners of their Complaint. They asserted no causes of action against Sieber or Marcus in the Complaint. Rather, the Van Reenans made allegations Sieber knew or should have known Mrs. Sieber was mishandling the trust funds as she did the same in 2009 when she lost her real estate license. Similarly, the Van Reenans asserted Marcus was responsible for ensuring his Realtors Trust Account was being handled properly, however put Mrs. Sieber in charge and did not check the book to ensure the funds were being handled properly. During the hearing on Defendants' Motions to Dismiss, the Van Reenans changed the allegations to Sieber embezzled money from his client to whom he owed a fiduciary duty, and Marcus facilitated the embezzlement by putting Mrs. Sieber in charge, failed to supervise her and that he is more "like the principal" than an agent in his role as broker.

In response to the appeal of the Recommendation, the Van Reenans yet again change the allegations to Marcus was negligent in failing to supervise Lewes Realty, Inc. because he allowed funds to be misappropriated. They assert Sieber made a speaking motion and his action is "at least a breach of contract if not complicity in the theft." Based on the Van Reenans' Complaint, they

14

never state any of these causes of action leaving the Court no legal basis to rule in their favor on a Motion to Dismiss. Indeed, the Van Reenans filed a debt claim in this Court citing they were creditors with no legal basis as to why Sieber and Marcus owe them the outstanding judgment against Lewes Realty, Inc. The Recommendation imputed personal liability and therefore a claim was made by the Van Reenans under the Code of Ethics of Realtors and the Delaware statutes. However, Marcus argues case law specifically states these statutes do not create a private cause of action.[75] The Court holds the Van Reenans' Complaint fails to state a claim to which relief can be granted.

## Jurisdiction

The Van Reenans assert in their Complaint Sieber and Marcus entered a fiduciary relationship on behalf of Lewes Realty, Inc. by listing their property for rent. The Van Reenans argue Sieber breached his fiduciary duty when he embezzled money from them and Marcus, serving more as principal than agent in his role as broker, failed to protect the trust account holding funds that were misappropriated. While Marcus and Sieber argue neither held a fiduciary duty, Marcus argues if that were the case the Delaware Court of Chancery holds exclusive jurisdiction over breach of fiduciary claims.[76] Marcus asserts either the claim should be dismissed or removed. Similarly, Marcus argues if the Van Reenans hold Marcus and Sieber personally liable for the acts of Lewes Realty, Inc., their employer, they must pierce the corporate veil, which the Delaware Court of Chancery also holds exclusive jurisdiction over such claims.[77] The Court finds it has no

---

[75] *Lock v. Shrepler*, 426 A.2d 856, 864-867 (Del. Super. 1981); *Eastern Commercial Realty Corp. v. Fusco*, 654 A.2d 833 (Del. 1995); and *Schribner v. Chonofsky*, 310 A.2d 924, 926 (Del. 1973).

[76] *Dibiase v. Vendemia*, 2002 WL 31999357, at *1 (Del. Com. Pl. Sept. 7, 2020).

[77] *Fisher v. Townsends, Inc.*, 695 A.2d 53 (Del. 1997); *Wilson v. Klabe Construction Co.*, 2004 WL 1732217, at * 3 (Del. Super. July 29, 2004).

jurisdiction to hear this claim based upon the Van Reenans' argument Sieber and Marcus held a fiduciary duty, and therefore it must be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendants' Motions to Dismiss is granted, and the Commissioner's Recommendation is Rejected and entered as the ORDER of the Court.

**IT IS HEREBY ORDERED** this 9th day of October 2024.


_____
The Honorable Rae M. Mims
Judge


Cc:     Shelly Swafford, Judicial Case Manager Supervisor

16